Marc S. Williams (Bar No. 198913)
Email: mwilliams@cohen-williams.com
Reuven L. Cohen (Bar. No 231915)
Email: rcohen@cohen-williams.com
Kathleen M. Erskine (Bar No. 223218)
Email: kerskine@cohen-williams.com
Joseph E. Saei (Bar No. 321341)
Email: ysaei@cohen-williams.com
COHEN WILLIAMS LLP
724 South Spring Street, 9th Floor
Los Angeles, CA 90014
Telephone: (213) 232-5160
Facsimile: (213) 232-5167

Attorneys for Defendants Nathan Young, David Young, Get Real Recovery LLC, Healing Path Detox LLC, Ocean Valley Behavioral Health, LLC, Rodeo Recovery LLC, Sunset Rehab LLC, Natural Rest House, Inc., 55 Silver LLC, and 9 Silver LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| AETNA LIFE INSURANCE COMPANY, AETNA HEALTH OF CALIFORNIA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> NATHAN SAMUEL YOUNG a/k/a PABLO LOPEZ; DAVID YOUNG a/k/a SANCHO LOPEZ; JOSE RICARDO TOSCANO MALDONADO; ALI BEHESHTI; MARC ADLER; ANI MIRZAVAN; ZEALIE LLC; HELPING HANDS REHABILITATION CLINIC INC; JOSER FOREVER LLC, GET REAL RECOVERY LLC; REVIVE PREMIER TREATMENT CENTER, INC.; HEALING PATH DETOX LLC; OCEAN VALLEY BEHAVIORAL HEALTH, LLC; RODEO RECOVERY | Case No. 2:23-cv-09654-MCS-MCS <br><br> **REQUEST FOR JUDICIAL NOTICE AND/OR INCORPORATION BY REFERENCE IN SUPPORT OF YOUNG DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT** <br><br> Judge: Hon. Marc C. Scarsi <br> Date: April 29, 2024 <br> Time: 9:00 a.m. <br> Place: First Street Court House, Courtroom 7C <br><br> Complaint Filed: November 14, 2023 <br> Trial Date: Not Scheduled |

| | |
|---|---|
| 1 | LLC; SUNSET REHAB LLC; |
| 2 | NATURAL REST HOUSE, INC; 55 SILVER LLC, 9 SILVER LLC; JOHN |
| 3 | DOES 1 THROUGH 50, AND ABC CORPS. 1-50, |
| 4 | |
| 5 | Defendants. |

2

REQUEST FOR JUDICIAL NOTICE AND/OR INCORPORATION BY REFERENCE ISO MOTION TO DISMISS

1    "Ordinarily, a district court's inquiry on a Rule 12(b)(6) motion to dismiss is
2    limited to the pleadings. A court may, however, consider certain materials – documents
3    attached to the complaint, documents incorporated by reference in the complaint, or
4    matters of judicial notice – without converting the motion to dismiss into a motion for
5    summary judgment." *Sneed v. Acelrx Pharms., Inc.*, 2022 WL 4544721 at *2 (N.D. Cal.
6    Sept. 28, 2022) (cleaned up). Therefore, Defendants Nathan Young, David Young, Get
7    Real Recovery LLC, Healing Path Detox LLC, Ocean Valley Behavioral Health, LLC,
8    Rodeo Recovery LLC, Sunset Rehab LLC, Natural Rest House, Inc., 55 Silver LLC, 9
9    Silver LLC, Jose Ricardo Toscano Maldonado, Marc Adler, Helping Hands
10   Rehabilitation Clinic Inc., and Joser Forever LLC (collectively, the "Young Defendants")
11   respectfully request that the Court incorporate by reference the following attached
12   documents, or, pursuant to Fed. R. Evid. 201, take judicial notice of the following
13   documents in support of their Motion to Dismiss First Amended Complaint filed by
14   Plaintiffs Aetna Life Insurance Company and Aetna Health of California, Inc.
15   (collectively, "Aetna"):

**1.   The Criminal Complaint filed in *United States v. Moore*, United States District Court for the Central District of California, Case No. 8:21-cr-00079-JLS, filed on March 29, 2021, Document 1 (Exhibit 1).**

The Court may take judicial notice of the Criminal Complaint in *Moore* because it is a document "on file in federal or state courts." *Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012). "Courts may take judicial notice of such documents, as they are 'capable of immediate and accurate determination by resort to' a source – the courts' dockets – which are 'of reasonably indisputable accuracy.'" *Morris v. SPSSM Invs. 8, LP*, 2014 WL 12573523, at *3 (C.D. Cal. June 4, 2014) (quoting Fed. R. Evid. 201) (collecting cases and taking judicial notice of "pleadings, orders, and a criminal complaint" filed in state and federal court).

The Criminal Complaint in *Moore* also is incorporated by reference in Aetna's

First Amended Complaint ("FAC").  "A document is incorporated by reference when the complaint refers extensively to the document or the document forms the basis of the plaintiff's claim."  *Kang v. Paypal Holdings, Inc.*, 620 F.Supp.3d 884, 895-896 (N.D. Cal. 2022) (cleaned up).  "[A] court may consider evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiffs' claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion.  The court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)."  *Police Ret. Sys. of St. Louis v. Intuitive Surgical, Inc.*, 2012 WL 1868874 at *7-8 (N.D. Cal. May 22, 2012), *aff'd*, 759 F.3d 1051 (9th Cir. 2014) (cleaned up) (considering on motion to dismiss five documents referenced in complaint).

Here, the Criminal Complaint in *Moore* is referred to and central to Aetna's claims.  (ECF 39 ¶¶23, 110, fn.3, fn.6.)[1]  Indeed, the FAC includes a hyperlink to the Criminal Complaint.  (*Id.* fn.3 [https://www.justice.gov/media/1152236/dl?inline].)  A copy of the Criminal Complaint is attached hereto as <u>Exhibit 1</u>.  (*See* accompanying Declaration of Marc S. Williams ("Williams Decl.") ¶3 [providing authentication].)

**2.      The Indictment filed in *United States v. Mahoney*, United States District Court for the Central District of California, Case No. 8:21-cr-00183-JLS, filed on October 6, 2021, Document 1 (<u>Exhibit 2</u>).**

The Court may take judicial notice of the Indictment in *Mahoney* because it is a document "on file in federal or state courts."  *Harris*, 682 F.3d at 1132; *Morris*, 2014 WL 12573523, at *3.  The Indictment in *Mahoney* also is incorporated by reference in the FAC.  *Kang*, 620 F.Supp.3d at 895-896; *Police Ret. Sys. of St. Louis*, 2012 WL 1868874 at *7-8.  The Indictment in *Mahoney* is referred to and central to Aetna's claims.  (ECF

---

[1] Aetna erroneously refer to the Criminal Complaint in *Moore* as an "Indictment."  (ECF 39 ¶¶23, 110, fn.3, fn.6.)

39 ¶112, fn.6.) Indeed, the FAC includes a hyperlink to the Indictment. (*Id.* fn.6 [https://www.justice.gov/criminal-fraud/file/1564811/download].) A copy of the Indictment is attached hereto as <u>Exhibit 2</u>. (*See* Williams Decl. ¶4 [providing authentication].)

3. **The following documents filed in *City of Beverly Hills v. Rodeo Recovery, LLC, et al.*, Los Angeles Superior Court, Case No. 20SMCV00704:**

   a. First Amended Complaint, filed on May 18, 2020 (a copy of which is attached hereto as <u>Exhibit 3</u>) (*see* Williams Decl. ¶5 [providing authentication]).

   b. Joint Status Report re Case Management Conference, filed on January 7, 2021 (a copy of which is attached hereto as <u>Exhibit 4</u>) (*see* Williams Decl. ¶6 [providing authentication]), stating, *inter alia*, that "parties advised the court [on November 16, 2020] that discussions had been underway between the parties for settlement of the matter . . . ."

   c. Minute Order, filed on March 12, 2021 (a copy of which is attached hereto as <u>Exhibit 5</u>) (*see* Williams Decl. ¶7 [providing authentication]), stating, *inter alia*, "Counsel represent to the Court that parties are currently in the process of reaching a settlement agreement;" "Case Management Conference is continued to 05/11/2021;" and "Order to Show Cause Re: Dismissal (Settlement) is scheduled for 05/11/2021."

   d. Minute Order, filed on May 11, 2021 (a copy of which is attached hereto as <u>Exhibit 6</u>) (*see* Williams Decl. ¶8 [providing authentication]), stating, *inter alia*, "Counsel represent to the Court that parties are finalizing the remaining settlement language in the settlement agreement;" "Order to Show Cause Re: Dismissal (Settlement) is continued to 06/21/2021."

   e. Joint Stipulation and Order to Continue Hearing Re: OSC Re: Dismissal, filed on June 17, 2021 (a copy of which is attached hereto as <u>Exhibit 7</u>) (*see*

Williams Decl. ¶9 [providing authentication]), stating, *inter alia*: "The Parties and their Counsel are reviewing draft settlement documents and are hopeful that a resolution will result;" and ordering "The Order to Show Cause RE: Dismissal . . . is continued to 08/02/2021."

f. Joint Stipulation and Order to Continue Hearing Re: OSC Re: Dismissal, filed on July 28, 2021 (a copy of which is attached hereto as Exhibit 8) (*see* Williams Decl. ¶10 [providing authentication]), stating, *inter alia*: "The Parties and their Counsel are reviewing draft settlement documents and are hopeful that a resolution will result;" and ordering "The Order to Show Cause RE: Dismissal . . . is continued to 09/13/2021."

g. Joint Stipulation and Order to Continue Hearing Re: OSC Re: Dismissal, filed on September 16, 2021 (a copy of which is attached hereto as Exhibit 9) (*see* Williams Decl. ¶11 [providing authentication]), stating, *inter alia*: "The Parties and their Counsel are reviewing draft settlement documents and are hopeful that a resolution will result;" and ordering "The Order to Show Cause RE: Dismissal . . . is continued to 10/28/2021."

h. Minute Order, filed on October 28, 2021 (a copy of which is attached hereto as Exhibit 10) (*see* Williams Decl. ¶12 [providing authentication]), stating, *inter alia*: "Order to Show Cause Re: Dismissal (Settlement) is continued to 12/13/2021."

i. Minute Order, filed on December 13, 2021 (a copy of which is attached hereto as Exhibit 11) (*see* Williams Decl. ¶13 [providing authentication]), stating, *inter alia*: "Parties request additional time to complete the settlement.  Pursuant to oral stipulation, the Order to Show Cause Re: Dismissal (Settlement) scheduled for 12/13/2021 is continued to 01/27/22."

j. Minute Order, filed on January 27, 2022 (a copy of which is attached hereto as Exhibit 12) (*see* Williams Decl. ¶14 [providing authentication]), stating, *inter alia*: "Parties are waiting for the city to approve the settlement.

        Pursuant to oral stipulation, the Order to Show Cause Re: Dismissal (Settlement) scheduled for 01/27/2022 is continued to 03/29/22."

k.    Minute Order, filed on March 29, 2022 (a copy of which is attached hereto as Exhibit 13) (*see* Williams Decl. ¶15 [providing authentication]), stating, *inter alia*: "Counsel represent to the Court that they recently reached an agreement regarding settlement. Pursuant to oral stipulation, the Order to Show Cause Re: Dismissal (Settlement) scheduled for 03/29/2022 is continued to 05/12/22."

l.    Request for Dismissal, filed on May 12, 2022 (a copy of which is attached hereto as Exhibit 14) (*see* Williams Decl. ¶16 [providing authentication]), dismissing, with prejudice, entire action of all parties and all causes of action.

m.    Settlement Agreement and Mutual General Release, dated May 11, 2022 (a copy of which is attached hereto as Exhibit 15) (*see* Declaration of John Mills [providing authentication]).

n.    Printout from the Los Angeles Superior Court website of the docket in the *Beverly Hills* case, printed on March 24, 2024 (a copy of which is attached hereto as Exhibit 16) (*see* Williams Decl. ¶17 [providing authentication]).

      The Court may take judicial notice of the foregoing documents that were filed in the *Beverly Hills* case (Exhibits 3-14) because they are documents "on file in federal or state courts." *Harris*, 682 F.3d at 1132; *Morris*, 2014 WL 12573523, at *3.

      The Court also may take judicial notice of the printout from the Los Angeles Superior Court website of the docket in the *Beverly Hills* case (Exhibit 16). *Harris*, 682 F.3d at 1132; *Morris*, 2014 WL 12573523, at *3 (taking judicial notice of "printout from the Los Angeles Superior Court website of the docket in the state court action"); *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 fn.3 (9th Cir. 2005) (taking judicial notice of federal court docket).

The Court also should take judicial notice of the Settlement Agreement and Mutual General Release in the *Beverly Hills* case (Exhibit 15) because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Multiple filings from the *Beverly Hills* case indicate that the parties were negotiating a settlement agreement. (*See* Exhibits 3-13.) On January 27, 2022, the parties in the *City of Beverly Hills* case reported that they were "waiting for the city to approve the settlement." (Exhibit 12.) On March 29, 2022, the parties reported "that they recently reached an agreement regarding settlement," and the Court continued the "Order to Show Cause Re: Dismissal (Settlement)" to May 12, 2022. (Exhibit 13.) On May 12, 2022, the City of Beverly Hills filed a Request for Dismissal, requesting dismissal, with prejudice, of the entire action of all parties and all causes of action. (Exhibit 14.) The Settlement Agreement and Mutual General Release (Exhibit 15) bears signatures on May 10 and 11, 2022, and has been authenticated by counsel of record for two of the parties in the *Beverly Hills* case. (*See* Declaration of John Mills.)

Also, judicial notice is appropriate because one of the parties to the agreement is a local agency, a city. *See* Cal. Gov't Code § 7920.510. "In California, settlement agreements are public record if it relates to conduct by a state or local agency." *Murphy v. Diaz*, 2022 WL 2181095, at *1 (C.D. Cal. May 11, 2022), *report and recommendation adopted*, 2022 WL 4292307 (C.D. Cal. Sept. 16, 2022) (taking judicial notice of settlement agreement resolving lawsuit filed by prisoner against Warden and other officials of California State Prison, Los Angeles County: "Because a court may take judicial notice of matters of public record, the Court grants Defendants' request to take judicial notice of the settlement agreement) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)).[2]

---

[2] In *Murphy v. Diaz*, the Court relied on the California Public Records Act (Cal. Gov't Code § 6252 *et seq.*), which has been recodified without any substantive change in the law relating to inspection of public records. *See* Cal. Gov't Code §§ 7920.100(d)-(e), 7920.110.

Moreover, the Court should consider the Settlement Agreement and Mutual General Release under the doctrine of incorporation by reference. Aetna relies extensively on the allegations made in the *City of Beverly Hills* lawsuit as purported substantiation of its claims in this case. (ECF 39 ¶¶18, 19, 86, 96.) By selectively referencing only the allegations, without setting forth how the allegations were resolved, Aetna has provided an incomplete account of the public legal proceeding. The resolution, which was approved by a governmental entity, is known, not disputable, and should be considered. *See Kang*, 620 F.Supp.3d at 896 (noting that incorporation by reference doctrine "'prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken – or doom – their claims,'" court held "incorporation by reference of this exhibit is necessary to assess the veracity of the challenged statement in context").

**4.     Sample of the CMS 1500 Claim Form downloaded from the Centers for Medicare & Medicaid Services website (CMS.gov) on March 24, 2024 (<u>Exhibit 17</u>).**

The Court may take judicial notice of the sample of the CMS 1500 Claim Form obtainable from the CMS.gov website, an official website of the United States government. "The records of administrative bodies are appropriate subjects for judicial notice because they constitute matters of public record." *EVO Brands, LLC v. Al Khalifa Grp. LLC*, 657 F.Supp.3d 1312, 1321 (C.D. Cal. 2023). "Similarly, a court can take judicial notice of a government's website." *Id.* This Court has previously taken judicial notice of documents from the CMS.gov website. *See also Binnell v. St. Joseph Hosp. Orange*, 2021 WL 4945189, at *2 (C.D. Cal. Mar. 5, 2021), *report and recommendation adopted*, 2021 WL 4945184 (C.D. Cal. Mar. 31, 2021) ("The St. Joseph's Defendants request judicial notice of three documents, all of which are publications from the Centers for the Medicare & Medicaid Services and are publicly available at cms.gov. As government documents and publications found on government agency websites, this

1  Court may take judicial notice of Defendants' Exhibits A – C.") (cleaned up); *see also*
2  *United States ex rel. STF, LLC v. Vibrant Am., LLC*, 2020 WL 4818706, at *3 (N.D. Cal.
3  Aug. 19, 2020) ("Vibrant also asks the Court to take judicial notice of two documents
4  published by the Centers for Medicare and Medicaid Services on the basis that they are
5  published on government websites. . . . As these documents are subject to judicial notice
6  under Rule 201 of the Federal Rules of Evidence that request is granted.").

7  The CMS 1500 Claim Form also is incorporated by reference in the FAC. *Kang*,
8  620 F.Supp.3d at 895-896; *Police Ret. Sys. of St. Louis*, 2012 WL 1868874 at *7-8. The
9  FAC refers to the CMS 1500 Claim Form (ECF 39 ¶55) and Aetna apparently relies on
10 statements in the CMS 1500 Claim Form as the basis for its fraud claim (*id.* ¶137).

11 A copy of the sample of the CMS 1500 Claim Form obtained from
12 https://www.cms.gov/medicare/cms-forms/cms-forms/cms-forms-items/cms1188854 and
13 a printout of that webpage is attached hereto as Exhibit 17. (*See* Williams Decl. ¶18
14 [providing authentication].)

15

16 **5.  Publication of OIG Special Fraud Alerts, 59 FR 65372-01, 1994 WL**
17 **702552(F.R.), dated December 19, 1994 (Exhibit 18).**

18 The Alert is incorporated by reference in the FAC. *Kang*, 620 F.Supp.3d at 895-
19 896; *Police Ret. Sys. of St. Louis*, 2012 WL 1868874 at *7-8. The FAC refers to the Alert
20 and apparently relies on it. (ECF 39 ¶55.) *See United States ex rel. STF, LLC v. Vibrant*
21 *Am., LLC*, 2020 WL 4818706, at *3 (N.D. Cal. Aug. 19, 2020) ("Vibrant asks the Court
22 to take judicial notice of the agency guidance upon which Relator relies in its complaint,
23 namely, OIG Advisory Opinion No. 05-08, the 2014 OIG Special Fraud Alert, the 1994
24 Special Fraud Alert, and the California Department of Health notice. . . . Because Relator
25 does not challenge the authenticity of these documents and relies upon them in its
26 complaint, the Court concludes that it may consider them in evaluating the sufficiency of
27 the pleadings under Rule 12(b)(6) under the doctrine of incorporation.").
28

A copy of the Alert obtained from Westlaw is attached hereto as <u>Exhibit 18</u>. (*See* Williams Decl. ¶19 [providing authentication].)

Dated: March 26, 2024  **COHEN WILLIAMS LLP**

By: */s/ Marc S. Williams*
Marc S. Williams
Reuven L. Cohen
Kathleen M. Erskine
Joseph E. Saei
Attorneys for Defendants Nathan Young, David Young, Get Real Recovery LLC, Healing Path Detox LLC, Ocean Valley Behavioral Health, LLC, Rodeo Recovery LLC, Sunset Rehab LLC, Natural Rest House, Inc., 55 Silver LLC, and 9 Silver LLC