JOHN J. SHAEFFER (SBN 138331)
    JShaeffer@FoxRothschild.com
MATTHEW FOLLETT (SBN 325481)
    MFollett@FoxRothschild.com
BENJAMIN MCCOY (*PRO HAC VICE*)
    BMcCoy@FoxRothschild.com
ALBERTO LONGO (*PRO HAC VICE*)
    Alongo@FoxRothschild.com
FOX ROTHSCHILD LLP
10250 Constellation Blvd, Suite 900
Los Angeles, CA 90067
Telephone: 310.598.4150
Facsimile: 310.556.9828

Attorneys for Plaintiffs
AETNA LIFE INSURANCE COMPANY, AETNA HEALTH OF CALIFORNIA, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| AETNA LIFE INSURANCE COMPANY, AETNA HEALTH OF CALIFORNIA, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> NATHAN SAMUEL YOUNG a/k/a PABLO LOPEZ; DAVID YOUNG a/k/a SANCHO LOPEZ; JOSE RICARDO TOSCANO MALDONADO; ALI BEHESHTI; MARC ADLER; ANI MIRZAVAN; ZEALIE LLC; HELPING HANDS REHABILITATION CLINIC, INC; JOSER FOREVER LLC; GET REAL RECOVERY LLC; REVIVE PREMIER TREATMENT CENTER, INC.; HEALING PATH DETOX LLC; OCEAN VALLEY BEHAVIORAL HEALTH, LLC; RODEO RECOVERY LLC; SUNSET REHAB LLC; NATURAL REST HOUSE, INC; AND JOHN DOES 1 THROUGH 50, AND ABC CORPS. 1 THROUGH 50. <br><br> Defendants. | Case No. 23-CV-09654-MCS-JPR <br><br> **JOINT RULE 26(f) REPORT** <br><br> **SCHEDULING CONFERENCE: FEBRUARY 3, 2025** <br><br> Judge:   Mark C. Scarsi |

Pursuant to Federal Rule of Civil Procedure 26(f), Rule 26-1 of the Local Rules for the Central District of California and this Court's Order Setting Scheduling Conference (ECF No. 78), Plaintiffs Aetna Life Insurance Company and Aetna Health of California Inc. (collectively "Aetna"), Defendants Nathan Young, David Young, Helping Hands Rehabilitation Clinic, Inc., Joser Forever LLC, Get Real Recovery LLC, Healing Path Detox LLC, Ocean Valley Behavioral Health, LLC, Rodeo Recovery, Sunset Rehab LLC, Natural Rest House, Inc., 9 Silver LLC, 55 Silver LLC (the "Young Defendants"), Jose Ricardo Toscano Maldonado, Marc Adler (the "Adler Defendants"), and Ani Mirzayan, Revive Premier Treatment Center, Inc. (the "Revive Defendants") (collectively "Defendants") by and through their undersigned counsel, hereby submit this Joint Rule 26(f) Report in advance of the Scheduling Conference currently scheduled on February 3, 2025 in this matter.

Counsel for Aetna held a telephonic conference on January 14, 2025 at which time the following items were discussed:

**A.** **Statement of the Case**

*i. Aetna's Statement (drafted by Aetna)*

Aetna seeks to recover millions of dollars issued as a result of Defendants' fraudulent scheme to enrich themselves under the guise of treating those suffering from addiction and substance abuse disorder ("SUD"). Aetna asserts Defendants' employed an army of body brokers, engaged in illegal client kickbacks and widespread enrollment fraud, took affirmative steps to prolong treatment, shuffled clients in treatment among and between providers, and created an environment encouraging relapse rather than recovery – all for the common purpose of maximizing payment by Aetna.

On February 20, 2024, Aetna filed its operative First Amended Complaint ("FAC") asserting claims for (1) fraud, (2) aiding and abetting fraud, (3) negligent misrepresentation, (4) intentional interference with economic/contractual relations, (5) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"),

(6) conspiracy to commit RICO, (7) violation of California Unfair Competition Law. (8) money had and received, (9) unjust enrichment/quantum meruit/restitution, (10) restitution pursuant to the Employee Retirement Income Security Act ("ERISA"), and (11) injunctive relief under ERISA.

On November 27, 2024, the Young Defendants filed their Answer to Amended Complaint and Counterclaims (ECF No. 74) asserting counterclaims for fraud, negligent misrepresentation, breach of express contract, breach of implied contract, breach of the implied covenant of good faith and fair dealing, promissory estoppel, as well as seeking relief under ERISA and California's Unfair Competition Law ("UCL"). Young Defendants also named Aetna Special Investigator David Erickson as a counterclaim defendant in this action. That same day, the Adler Defendants filed their Answer and Affirmative Defenses (ECF No. 77) and the Revive Defendants filed their Answer to First Amended Complaint (ECF No. 76).

ii.    *Young Defendants' Statement (drafted by Young Defendants)*

Since July 2020, Young Defendants have provided valuable addiction treatment services to individuals in Southern California, including many Aetna enrollees.  After thorough intakes and screenings, Young Defendants provided Aetna enrollees with high quality treatment and services to help them beat dependency on alcohol and drugs.  In late 2022, however, Aetna decided that Young Defendants were providing too much SUD treatment to too many enrollees.  Instead of paying Young Defendants for services provided, as it had up to that point, Aetna could delay paying indefinitely by implementing a sham "prepayment review" audit.  While Young Defendants continued to dutifully treat Aetna's addicted enrollees, Aetna's sham audit indefinitely and illegally deferred any action on Young Defendants' claims for reimbursement—exceeding $16.4 million—while miring Young Defendants in endless and futile prepayment review procedures.

The Young Defendants will defend against Aetna's claims on the merits by showing that they did not engage in the fraudulent scheme alleged by Aetna, did not

1    make any material misrepresentations or omissions to Aetna, and provided important
2    and valuable SUD treatment services to Aetna enrollees.    Young Defendants
3    answered and filed counterclaims on November 27, 2024, adding as a party David
4    Erickson: the Aetna employee who sent fraudulent prepayment review notices to
5    Young Defendants.

6    Young Defendants assert the following claims for relief in their counterclaims:
7    (1) fraud (against Aetna and Erickson), (2) negligent misrepresentation (against Aetna
8    and Erickson), (3) breach of express contract (for non-ERISA claims only, against
9    Aetna), (4) breach of implied contract (for non-ERISA claims only, against Aetna),
10    (5) breach of the implied covenant of good faith and fair dealing (for non-ERISA
11    claims only, against Aetna), (6) promissory estoppel (for non-ERISA claims only,
12    against Aetna), (7) ERISA Section 502(a)(1)(B) (for ERISA claims only, against
13    Aetna), (8) injunctive relief under ERISA Section 502(a)(3) (for ERISA claims only,
14    against Aetna), and (9) Unfair Competition, Business and Professions Code §§ 17200
15    (for non-ERISA claims only, against Aetna).

16    *iii.    Revive Defendants' Statement (drafted by Revive Defendants)*

17    Revive Premier Treatment Center, Inc. ("Revive") provides necessary mental
18    and behavioral health treatment to those suffering from mental health disorders in the
19    Los Angeles area. Ani Mirzayan ("Mirzayan") is the owner of Revive. Together
20    Revive and Mirzayan are referred to as "Revive Defendants". Revive billed health
21    plans, including Aetna, for medically necessary behavioral health treatment. After
22    reviewing and paying for claims submitted by Revive, Aetna subsequently concocted
23    a theory that Revive impermissibly conspired with other people and entities, including
24    other Defendants, to fraudulently bill Aetna. Revive strongly refutes all of Aetna's
25    allegations against Revive Defendant's in operative complaint (ECF No. 39).

26    *iv.    Adler Defendants' Statement (drafted by Adler Defendants)*

27    The Adler Defendants categorically deny that they were part of any alleged
28    fraudulent scheme to defraud Aetna.  For years, the Adler Defendants provided

4

services to individuals suffering from alcohol and drug addiction. These services were essential in providing care and treatment to these individuals as part of their recovery. The Adler Defendants will be defending against Aetna's claims that they are liable for the claims asserted by Aetna.

**B.**   **Subject Matter Jurisdiction**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Aetna's and the Young Defendants' state law claims pursuant to 28 U.S.C. § 1367.

**C.**   **Legal Issues**

   *i.*   *Aetna:*

      a. Major Factual Issues

         i. Whether and the extent to which Young Defendants fraudulently enrolled patients in Aetna plans.

         ii. Whether, and the extent to which, Young Defendants unlawfully paid body brokers to recruit and traffic patients.

         iii. Whether, and the extent to which, Young Defendants provided cash, drugs, free housing, and other kickbacks to patients to keep them in treatment.

         iv. Whether, and the extent to which, Young Defendants either did not provide treatment billed for, falsified medical records, or provided treatment and conducted themselves in dereliction of applicable standards.

      b. Legal

         i. Whether Defendants violated The Anti-Kickback Statute, 18 U.S.C. § 1320; The Eliminating Kickbacks in Recovery Act, 18 U.S.C. § 220; the Health Care Fraud Statute, 18 U.S.C. § 1347; RICO, 18 U.S.C. §

1962(c); California's Insurance Anti-Kickback Law, Cal. Ins. Code §§ 750 *et seq.*; California's Anti-Referral Law, Health & Safety Code § 445; the Travel Act, California's Uniform Controlled Substances Act, Health & Safety Code § 11570, and California's Unfair Competition Law ("UCL") as set forth in Business and Professions Code §§ 17200 *et seq.*

    ii.  Whether Defendants fraudulently or negligently misrepresented the services alleged and the extent to which Aetna relied upon, and was damaged, as a result of those misrepresentations.

    iii.  Whether Defendants intentionally interfered with the health benefit plans entered by Aetna and its members.

    iv.  Whether Defendants are liable for money had and money received.

    v.  Whether Defendants have been unjustly enriched by Aetna's payment of healthcare claims.

    vi.  Whether Defendants conspired to violate RICO and engaged in a pattern of defrauding Aetna into paying healthcare claims.

    vii.  Whether Defendants caused Aetna to wrongfully pay healthcare claims on behalf of ERISA plans, entitling Aetna to restitution.

    viii.  Whether injunctive relief is appropriate to enjoin Defendants from (i) transferring or dissipating funds paid by Aetna on behalf of ERISA plans; (ii) billing claims to Aetna or the ERISA plans; (iii) submitting claims.

6

  *ii.*  *Young Defendants*

   a. Major Factual Issues

    i. Whether drug addiction recovery is a long-term process frequently requiring multiple episodes of treatment.

    ii. Whether Young Defendants provided treatment to Aetna enrollees entitling them to reimbursement at the out-of-network rate under enrollees' plans.

    iii. Whether Young Defendants made any material misrepresentation when submitting claims for reimbursement.

    iv. Whether, after paying claims regularly, Aetna abruptly implemented a vague and unjustified pre-payment audit to avoid payment on all claims.

    v. Whether Aetna represented to Young Defendants that it would consider and pay documented claims according to plan terms, after engaging in a good faith claims processing, and whether Young Defendants reasonably relied on those representations.

    vi. Whether Aetna had any intention of fairly considering Young Defendants' claims for reimbursement.

    vii. Whether Aetna mired Young Defendants and their billers in a fruitless game of cat and mouse, wherein Young Defendants provided the requested medical records Aetna would request multiple times.

    viii. Whether Aetna often failed to respond to Young Defendants' inquiries, unilaterally extended its own deadlines, violated statutory requirements for claims processing, and otherwise delayed by any means

making decisions on Young Defendants' claims.

    ix. Which health benefit plans of Aetna enrollees Young Defendants treated are employer-sponsored.

  b. Legal Issues

    i. Whether Aetna's prepayment notices, sent by David Erickson, misrepresented the nature of the audit and caused Young Defendants to provide treatment services in reasonable reliance that the pre-payment review was being conducted in good faith and to invest significant administrative resources and time to comply.

    ii. Whether Aetna's verifications of benefits, prior course of dealing and prepayment notice, together with Young Defendants' efforts to comply with the prepayment notice, evidence an agreement—express or implied—that Aetna would (1) engage in a fair, transparent claims process, and/or (2) pay for documented services provided, in accordance with Aetna plans.

    iii. Whether Aetna breached these agreements.

    iv. Whether Aetna waived any anti-assignment clause in applicable plan documents.

    v. Whether Aetna breached ERISA Section 502(a)(1)(B) by indefinitely refusing to pay Young Defendants' claims for covered SUD benefits.

    vi. Whether administratively exhausting claims with Aetna was futile or otherwise excused or waived because of the unreasonableness of Aetna's claims procedures.

    vii. Whether Aetna breached California's Unfair Competition Law by engaging in unlawful or unfair

8

conduct.

     *iii.*     *Revive Defendants*

        a.  Major Factual Issues

             i.  How the Revive Defendants are in any way related or connected to the other Defendants.

            ii.  Which specific factual allegations pertain to Revive Defendants.

           iii.  Which specific submitted claims does Aetna contend were fraudulently submitted / subject to Aetna's RICO theories by Revive.

           iv.  Did any actions by Revive Defendants meet the causes of action asserted Aetna.

     *iv.*     *Adler Defendants*

        a.  Major Factual and Legal Issues

             i.  Whether there existed a purported scheme to defraud Aetna.

            ii.  Whether the Adler Defendants knew of and/or participated in any purported fraudulent scheme to defraud Aetna.

           iii.  Whether the Adler Defendants knew of and/or made any material misrepresentations in the submission of reimbursement claims.

           iv.  Whether the Aetna was responsible for alleged reimbursement and payment issues relating to the reimbursement claims.

**D.**    <u>**Parties, evidence, etc.**</u>

    1.    **Parties**

<u>Plaintiffs and Counterdefendants</u>: Aetna Life Insurance Company and Aetna

9

Health of California Inc.

Defendants and Counterclaimants: Nathan Young, David Young, Helping Hands Rehabilitation Clinic, Inc., Joser Forever LLC, Get Real Recovery LLC, Healing Path Detox LLC, Ocean Valley Behavioral Health, LLC, Rodeo Recovery, Sunset Rehab LLC, Natural Rest House, Inc., 9 Silver LLC, 55 Silver LLC

Defendants: Jose Ricardo Toscano Maldonado, Marc Adler, Ani Mirzayan, Revive Premier Treatment Center, Inc.

Counterdefendant:  David Erickson

## 2.    Corporate Disclosure

*Aetna*:   Aetna Life Insurance Company is a citizen of Connecticut with its principle place of business in Hartford, Connecticut. Aetna Health of California Inc. is a citizen of California with its principal place of business in California. Both Aetna entities' ultimate corporate parent is Aetna Inc. which, in turn, is an indirect, wholly owned subsidiary of CVS Health.

*Young/Adler Defendants:* Young Defendants do not have any subsidiaries or parents.

*Revive Defendants:* Revive Premier Treatment Center, Inc. is a citizen of California, with its principle place of business in Los Angeles, California. Revive Premier Treatment Center, Inc. is wholly owned by Ani Mirzayan.

*Adler Defendants:* The Adler Defendants are individual defendants and therefore do not have any parents or subsidiaries.

## 3.    Witnesses

b. *Aetna* – the parties, ex-employees and contractors, and patients. Non-party witnesses will be disclosed in Aetna's initial disclosures after the entrance of a HIPAA-compliant Qualified Protective Order.

c. *Young Defendants* – the parties, current and former employees and contractors, billers, current and former Aetna

10

employees, and current or former Aetna enrollees, experts.

    d. *Revive Defendants* – Revive Defendants – the parties, employees, contractors, and patients individuals identified by the other parties to this action. Non-party witnesses will be disclosed in Revive's initial disclosures after the entrance of a HIPAA-compliant Qualified Protective Order.

    e. *Adler Defendants* – Marc Adler, Jose Ricardo Toscano Maldonado, Nathan Young, David Young, other current and former employees, and any experts. Adler Defendants reserve the right to add witnesses as the parties conduct discovery.

    4.    **Key Documents**

The following documents will likely play a key role in resolving one or more of the main issues in this case:

- *Aetna*
  - Claims submissions and resulting Explanations of Benefits ("EOBs") attached to Aetna's Complaint.
  - Correspondence between the parties.
  - All bank and accounting records showing (i) Defendants' collections of patient cost-shares, (ii) payments of rent, hotel rooms, or housing, (iii) payments to body brokers and "third-party marketers).
  - Defendants' communications and representations to enforcement authorities and licensing bodies.
  - Marketing and other related vendor agreements/payments.
  - A significant portion of Defendants' scheme played out over social media messaging, text messages, and various communication applications like WhatsApp.

- *Young Defendants*
  - o  Billing records
  - o  Communications between Young Defendants and Aetna
  - o  Communications between Young Defendants' billers and Aetna
  - o  Patients' electronic medical records
  - o  Assignments of benefits
  - o  Aetna plan documents
  - o  Notices of prepayment review
- *Revive Defendants*
  - o  Documents exchanged between Revive Defendants and Aetna, including and without limitation, bills, claims, payments, related documentation, appeals, and denials.
  - o  Medical records.
  - o  Correspondence between parties.
- *Adler Defendants*
  - o  Party communications
  - o  Healthcare records (billings, plan documents, EOBs, etc.)

E.  **Damages**

1.  *Aetna* – Aetna seeks the following damages and other relief:

- Damages in the amount of approximately $40,000,000, plus treble damages;
- Prejudgment interest;
- Civil penalties to the extent the law permits along with other statutory remedies;
- Punitive damages;
- An order enjoining (i) all Defendants from transferring or dissipating funds paid by Aetna on behalf of ERISA Plans, (2)

12

Young Defendants, Revive Defendants, and Adler Defendants from billing claims to Aetna or the ERISA Plans, (3) Young, Adler, Maldonado, and Mirzayan from submitting or causing any provider they are associated with, from submitting claims to Aetna, and (4) all Defendants from engaging in the misconduct alleged in Aetna's Complaint.

2. *Young Defendants*

- General, special, restitutionary and compensatory damages according to proof; approximately $16.4 million in unpaid claims, plus expenses related to sham audit compliance.
- Restitutionary monetary relief under the UCL;
- Prejudgment interest on amounts benefits wrongfully withheld;
- Expenses incurred, including attorneys' fees and other costs, according to proof;
- Punitive damages according to proof;
- Recovery of benefits, declaratory relief, and injunctive relief pursuant to ERISA;
- Attorneys' fees and costs under ERISA, 29 U.S.C § 1132(g).

3. *Revive Defendants* – Revive Defendants do not seek damages.

4. *Adler Defendants* – Adler Defendants contend that there is no liability in this case, and that Aetna is not entitled to any damages against them.

F. **Insurance**

1. *Aetna* does not have insurance applicable to this case.

2. *Young Defendants* do not have insurance applicable to this case.

3. *Revive Defendants* do not have insurance applicable to this case.

4. *Adler Defendants* do not have insurance applicable to this case.

**JOINT RULE 26(f) REPORT**

G.  **Motions**

1.  *Aetna* – At present, Aetna does not anticipate amending the pleadings or seeking to transfer venue. Aetna may seek to add additional parties if supported by discovery, including any new corporate entities Defendants formed or purchased to move their operations from those in this suit.

2.  *Young Defendants* – Young Defendants do not anticipate amending their answer and reserve the right to amend their counterclaims as a matter of course or to oppose the pending motion to dismiss their counterclaims.  Young Defendants may seek to amend their answer or counterclaims if supported by discovery, including to add affirmative defenses or to add employees personally involved in conducting the sham audit.

3.  *Revive Defendants* – Revive Defendants do not anticipate bringing any motions.

4.  *Adler Defendants* – Adler Defendants do not anticipate amending their answer unless relevant information is revealed in discovery, at which point Adler Defendants may amend their answer to include affirmative defenses.

H.  **Dispositve Motions**

1.  *Aetna* – Aetna has filed a motion to dismiss the counterclaims against it. It is too early to determine if Aetna's affirmative claims will be subject to offensive summary judgment on any issues.

2.  *Young Defendants* – Young Defendants reserve the right to amend their counterclaims as a matter of course or to oppose the pending motion to dismiss their counterclaims.  It is too early to determine if Aetna's claims or Young Defendants counterclaims

14

will be subject to summary judgment on any issues.

3.  *Revive Defendants* – Revive Defendants have already brought a Motion to Dismiss which was not granted. Revive Defendants may bring a Motion for Summary Judgment /Adjudication.

4.  *Adler Defendants* – Adler Defendants anticipate filing a motion for summary judgment.

**I.    <u>Manual for Complex Litigation</u>-**

At this juncture, the parties do not believe any portions of the Manual for Complex Litigation are applicable or otherwise appropriate.

**J.    <u>Status of Discovery</u>**

The parties will exchange initial disclosures before January 28, 2025

**K.    <u>Discovery Plan</u>**

The Parties propose the following schedule for discovery:

- Close of Fact Discovery                      12/22/2025
- Initial Expert Witness Disclosures            12/8/2025
- Rebuttal Expert Witness Disclosures           1/5/2026
- Expert Discovery Cut-Off                       2/6/2026
- Last Day to Hear Motions                      3/16/2026

*Aetna* anticipates discovery will be needed on the following topics:

- Significant third-party discovery relating to non-party body brokers, patient-victims, vendors, and other contractors who witnessed misconduct

- Electronically Stored Information ("ESI") relating to Defendants' use of third-party applications, text messages, e-mail, and other informal methods to communicate in their day-to-day business operations

- Defendants' bank and payment records for purposes of *inter alia*, forensic accounting related to kickbacks and the financial

15

connections among the Defendants

- Written discovery may include requests for admission, requests for production of documents, and interrogatories

- Any other non-privileged matter that is relevant to any claim or defense

*Young Defendants* anticipate discovery will be needed on the following topics:

- Billers' communications with Aetna

- Aetna's claims processing and audit/pre-payment-review policies and practices

- Aetna's investigation of Young Defendants and conduct of the sham audit

- Written discovery may include requests for admission, requests for production of documents, and interrogatories

- Any other non-privileged matter that is relevant to any claim or defense.

*Adler Defendants* anticipate discovery will be needed on the following topics:

- Aetna's investigation of the Adler Defendants.

- Documents reflecting Aetna's pre-payment review process and policies and audit against the treatment centers.

- Written discovery may include requests for admission, requests for production of documents, and interrogatories.

*Revive Defendants* anticipate discovery will be needed on the following topics:

- Aetna's investigation of Revive Defendants.

- Documents reflecting Aetna's pre-payment and review process and policies and audit against the treatment centers.

- Written discovery may include requests for admission, requests

**JOINT RULE 26(f) REPORT**

for production of documents, and interrogatories.

**L.** **Discovery Cut-off**:

The parties propose a final discovery cut-off date of February 6, 2026

**M.** **Expert Discovery**:

The parties propose the following deadlines for expert-witness disclosures and discovery:

- Close of Fact Discovery:                    12/22/2025
- Initial Expert Witness Disclosures:      12/8/2025
- Rebuttal Expert Witness Disclosures:    1/5/2026
- Expert Discovery Cut-Off:                    2/6/2026

**N.** **Settlement Conference/Alternative Dispute Resolution ("ADR")**

Settlement among the remaining parties is not feasible at this time. The parties request that any mandatory settlement conference/ADR be scheduled for after the close of discovery. In the event an earlier conference is desired, the parties will alert the Court and request such a conference.

**O.** **Trial Estimate**

16-20 days. This estimate is based on the number of witnesses expected to testify, the large number of parties and complexity of claims, the need for expert testimony, and voluminous claims data relevant to this dispute. The parties note that ERISA and equitable claims will require a bench trial and that any bench trial should follow the jury trial.

At present, the number of witnesses Aetna contemplates calling at trial likely exceeds 30. The number of witnesses the Young Defendants contemplate calling at trial is 10-15.  The number of witnesses the Revive Defendants contemplate calling is 5-7.  The Adler Defendants anticipate calling at least 5-6 witnesses at trial. The parties reserve the right to change these estimates as they conduct discovery.

**P.** **Trial Counsel**

John Shaeffer, Benjamin H. McCoy, Matthew R. Follet, and Alberto M.

17

1    Longo on behalf of Aetna.

2        Marc. S. Williams, Kathleen Erskine, Reuven Cohen, and Yusuf Saei on

3    behalf of the Young Defendants.

4        Devin M. Senelick, Cole Hoyt, and Taryn A. Reid on behalf to the Revive

5    Defendants.

6        John K. Ly and Jennifer L. Chor on behalf of the Adler Defendants.

7    **Q.**    **Independent Expert or Master**

8    Not needed at this time.

9    **R.**    **Schedule Worksheet  (attached)**

10        Counsel agree that a longer schedule than the default is needed in this case

11   given the complexity, high amount of third-party discovery relating to witnesses

12   around the country, and significant expert discovery will be needed in this matter.

13   **S.**    **Other issues**

14        1.    *Aetna*

15            a.    Ex-patients are an important category of third-party

16                witnesses in this case. Because the services involved SUD

17                treatment, there are special confidentiality and privacy

18                requirements under HIPAA. The parties will work to

19                submit a HIPAA-compliant QPO to ensure the third-party

20                patients' privacy rights are maintained.

21            b.    Many of Defendants' communications and operations

22                occurred on applications using third-party encryption

23                technology and the like. To the extent Defendants have not

24                adequately preserved these communications, there may be

25                spoliation issues to address.

26            c.    The payments Defendants have made to body brokers,

27                third-party brokers, and landlords on behalf of patients, as

28                well as the funds they have collected from patients, will be

18

1                              important to Aetna's case. Defendants may object to the

2                              disclosure of such information.

          2.     *Young Defendants*

             a.     Healthcare providers, including Young Defendants, do not routinely gather plan documents and insurers like Aetna resist providing plan documents to providers.  Aetna may resist providing relevant plan documents despite Young Defendants' status as assignees and representatives of Aetna enrollees.

             b.     Aetna has settled with former defendants Zealie and Ali Beheshti. Zealie was Young Defendants' biller for much of the time in question, and Zealie therefore retains many of the records Young Defendants will need to defend themselves and to prove their counterclaims.

          3.     *Revive Defendants* – none.

          4.     *Adler Defendants* – Adler Defendants to not have any other issues at this time, but they reserve the right to amend as the parties conduct discovery.

DATED: January 17, 2025        **FOX ROTHSCHILD LLP**

                                  By: */s/ Benjamin McCoy*
                                  BENJAMIN MCCOY

                                  ATTORNEYS FOR AETNA LIFE INSURANCE CO., AETNA HEALTH OF CALIFORNIA, INC.

///
///
///

1   DATED: January 17, 2025          **COHEN WILLIAMS LLP**

2

3                                    By: */s/ Marc S. Williams*
4                                    MARC S. WILLIAMS

5                                    ATTORNEYS FOR HELPING HANDS
6                                    REHABILITATION CLINIC, GET REAL
                                     RECOVERY LLC, HEALING PATH
7                                    DETOX LLC, OCEAN VALLEY
8                                    BEHAVIORAL HEALTH, LLC, RODEO
                                     RECOVERY LLC, SUNSET REHAB
9                                    LLC, NATURAL REST HOUSE, INC.,
10                                   JOSER FOREVER LLC; 55 SILVER
                                     LLC, 9 SILVER LLC, NATHAN
11                                   YOUNG, AND DAVID YOUNG.

12

13                                   
14  DATED: January 17, 2025          **HOOPER, LUNDY & BOOKMAN, P.C.**

15                                   By: */s/ Devin M. Senelick*
16                                   DEVIN M. SENELICK

17                                   ATTORNEYS FOR REVIVE PREMIER
18                                   TREATMENT CENTER, INC. AND ANI
                                     MIRZAYAN
19

20

21  Dated:  January 17, 2025          **LIANG LY LLP**

22

23                                   By: */s/ John Ly*
                                     JOHN LY
24                                   JENNIFER CHOR

25                                   ATTORNEYS FOR DEFENDANTS
                                     JOSE TOSCANO AND MARC ADLER,
26

27

28
                                          20

1  **FILER'S ATTESTATION OF CONCURRENCE**

2      I, Benjamin McCoy, attest that I am counsel for Plaintiffs Aetna Life

3  Insurance Company and Aetna Health of California, Inc.  As the ECF user and filer

4  of this document, I attest that concurrence in the filing of this document has been

5  obtained from its signatories.

6

7  Dated: January 17, 2025                    */s/ Benjamin McCoy*

8                                     BENJAMIN MCCOY

21

**JUDGE MARK C. SCARSI**

## SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

*Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.*
**The Court *ORDERS* the parties to make every effort to agree on dates.**

| **Case No.** 23-CV-09654-MCS-JPR | **Case Name:** Aetna Life Insurance Co. v. Nathan Young, et al. | | |
|---|---|---|---|

| **Trial and Final Pretrial Conference Dates** | Pl(s)' Date mm/dd/yyyy | Def(s)' Date mm/dd/yyyy | Court Order mm/dd/yyyy |
|---|---|---|---|
| Check one: ☒ Jury Trial  or  ☐ Court Trial<br>(***Tuesday*** at 8:30 a.m., within 18 months after Complaint filed)<br>Estimated Duration: __16-20__ Days | 5/5/2026 | same | ☐ Jury Trial<br>☐ Court Trial<br>_____Days |
| Final Pretrial Conference ("FPTC") [L.R. 16], Hearing on Motions In Limine<br>(***Monday*** at 2:00 p.m., at least 15 days before trial) | 4/20/2026 | same | |

| **Event** [1]<br>***Note:*** Hearings shall be on Monday at 9:00 A.M.<br>Other dates can be any day of the week. | **Weeks Before FPTC** | Pl(s)' Date mm/dd/yyyy | Def(s)' Date mm/dd/yyyy | Court Order mm/dd/yyyy |
|---|---|---|---|---|
| Last Date to ***Hear*** Motion to Amend Pleadings/Add Parties *[Monday]* | | 5/26/2025 | same | |
| Non-Expert Discovery Cut-Off<br>**(no later than deadline for *filing* dispositive motion)** | | 12/22/2025 | same | |
| Expert Disclosure (Initial) | | 12/8/2025 | same | |
| Expert Disclosure (Rebuttal) | | 1/5/2026 | same | |
| Expert Discovery Cut-Off | 12[2] | 2/6/2026 | same | |
| Last Date to ***Hear*** Motions *[Monday]*<br>• Rule 56 Motion due at least 5 weeks before hearing<br>• Opposition due 2 weeks after Motion is filed<br>• Reply due 1 week after Opposition is filed | 9 | 3/16/2026 | same | |
| Deadline to Complete Settlement Conference [L.R. 16-15]<br>***Select one:*** ☒ 1. Magistrate Judge *(with Court approval)*<br>☐ 2. Court's Mediation Panel<br>☐ 3. Private Mediation | 10 | 2/9/2026 | same | ☐ 1. Mag. J.<br>☐ 2. Panel<br>☐ 3. Private |
| **Trial Filings (first round)**<br>• Motions in Limine<br>• Memoranda of Contentions of Fact and Law [L.R. 16-4]<br>• Witness Lists [L.R. 16-5]<br>• Joint Exhibit List [L.R. 16-6.1]<br>• Joint Status Report Regarding Settlement<br>• Proposed Findings of Fact and Conclusions of Law [L.R. 52] *(court trial only)*<br>• Declarations containing Direct Testimony *(court trial only)* | 3 | 3/30/2026 | same | |
| **Trial Filings (second round)**<br>• Oppositions to Motions In Limine<br>• Joint Proposed Final Pretrial Conference Order [L.R. 16-7]<br>• Joint/Agreed Proposed Jury Instructions *(jury trial only)*<br>• Disputed Proposed Jury Instructions *(jury trial only)*<br>• Joint Proposed Verdict Forms *(jury trial only)*<br>• Joint Proposed Statement of the Case *(jury trial only)*<br>• Proposed Additional Voir Dire Questions, if any *(jury trial only)*<br>• Evidentiary Objections to Decls. of Direct Testimony *(court trial only)* | 2 | 4/6/2026 | same | |

[1]  **The parties may seek dates for additional events by filing a separate Stipulation and Proposed Order.**
   ***Patent and ERISA cases in particular may need to vary from the above.***

[2]  **The parties may wish to consider cutting off expert discovery prior to the deadline for *filing* an MSJ.**