# EXHIBIT C

| | |
|---|---|
| **From:** | Yusuf Saei <ysaei@cohen-williams.com> |
| **Sent:** | Friday, January 10, 2025 2:49 PM |
| **To:** | McCoy, Benjamin H. |
| **Cc:** | Marc Williams; Kathleen Erskine; Reuven Cohen; Shaeffer, John J.; Longo, Alberto; Follett, Matthew |
| **Subject:** | Re: FW: [EXT] Re: Aetna/Young - L.R. 7-3 Meet and Confer Correspondence |

Thanks Ben,

We can confirm that these are assignments signed by patients listed in our two counterclaims exhibits for relevant claims and dates of service. ▇▇▇▇▇▇ and ▇▇▇▇▇▇. Please let us know Aetna's response to the requests for plan documents. Best,

Y

On Fri, Jan 10, 2025 at 11:04 AM McCoy, Benjamin H. <bmccoy@foxrothschild.com> wrote:

> Marc,
>
> Putting aside our continued disagreements with your legal positions, I'm amenable to the framework of you agreeing that we will be permitted to address to them in our MTD as integral to the complaint without objection from you.
>
> The only caveat is that I cannot tell if these assignments are even related to the claims in your exhibits. Can you please provide the patient names, identifying information, or identify the patient's claims information in your exhibits these assignments cover?
>
> Ben
>
> 
>
> **Benjamin H McCoy**
> Partner

📞 (610) 397-7972
✉ bmccoy@foxrothschild.com

---

**From:** Marc Williams <mwilliams@cohen-williams.com>
**Sent:** Thursday, January 9, 2025 10:20 PM
**To:** McCoy, Benjamin H. <bmccoy@foxrothschild.com>
**Cc:** Yusuf Saei <ysaei@cohen-williams.com>; Kathleen Erskine <kerskine@cohen-williams.com>; Reuven Cohen <rcohen@cohen-williams.com>; Shaeffer, John J. <jshaeffer@foxrothschild.com>; Longo, Alberto <ALongo@foxrothschild.com>; Follett, Matthew <MFollett@foxrothschild.com>
**Subject:** Re: FW: [EXT] Re: Aetna/Young - L.R. 7-3 Meet and Confer Correspondence

Dear Ben:

We write to follow up on our meet and confer with respect to Aetna's and Mr. Erickson's contemplated motion to dismiss the Young Defendants' Counterclaims.

As to your contention that the Counterclaims fail to adequately allege assignments because the Young Defendants have not attached example assignments or quoted them in their entirety, that level of specificity is not required. First, courts are split on this issue. *See, e.g., Women's Recovery Ctr., LLC v. Anthem Blue Cross Life & Health Ins. Co.*, 2022 WL 757315, at *4 (C.D. Cal. Feb. 2, 2022) (collecting cases and stating: "Courts in this District appear split on the level of specificity required for a complaint to allege sufficiently a valid assignment under ERISA."); *In re WellPoint, Inc. Out-of-Network UCR Rates Litig.*, 865 F. Supp. 2d 1002, 1042 (C.D. Cal. 2011); *In re Out-of-Network Substance Use Disorder Claims Against UnitedHealthCare*, 2020 WL 8457488, at *4 (C.D. Cal. Nov. 18, 2020); *Nazarian v. United Healthcare Servs., Inc.*, 2023 WL 8125777, at *3 (C.D. Cal. Sept. 19, 2023) ("The Court declines to dismiss the Complaint for lack of standing. Defendants may raise standing as a defense if discovery shows that the actual assignment language limits Plaintiffs' ability to pursue their claim").

Second, it is highly plausible in this case that the Young Defendants obtained valid assignments from their patients. Indeed, Aetna admits in its First Amended Complaint that the Young Defendants "represented," long before this suit was filed, "that they had obtained assignments of benefits from Aetna members, thereby allowing them to obtain payments of the members' benefits" (ECF 39 ¶203), and Aetna, in fact, made millions of dollars of such payments, which Aetna now hopes to claw back on grounds having nothing to do with improper assignment.

Nonetheless, in the spirit of Local Rule 7-3, I attach two exemplar "Assignment of Benefits / Release of Medical Information" forms that are representative of assignments applicable to unpaid insurance claims that are the subject of the Counterclaims. Notably, the form includes the following language:

- "I hereby authorize and request that payment of benefits by my Insurance Company(s), Aetna, be made directly to Joser Forever for services furnished to me or my dependent."
- "In addition, I authorize Joser Forever to disclose any and all written information from the above named to my above named Insurance Company and/or its designated representatives, or other financially responsible party; at the determination of Joser Forever. Such disclosure shall be for reimbursement purposes for those services received."

- "By signing this Assignment of Benefits and Release of Information, I acknowledge . . . I agree to participate and assist Joser Forever or its designated representatives with any appeal process necessary to collect payment for the services rendered."
- "By signing this Assignment of Benefits and Release of Information, I acknowledge . . . Joser Forever is acting in filing for insurance benefits assigned to Joser Forever and it can assume no responsibility for guaranteeing payment of any charges from the Insurance Company(s)."
- "By signing this Assignment of Benefits and Release of Information, I acknowledge . . . Billing may be done by a firm contracted by Joser Forever for billing and collection purposes."
- "By signing this Assignment of Benefits and Release of Information, I acknowledge . . . Joser Forever is appointed by me to act as my representative and on my behalf in any proceeding that may be necessary to seek payment from my insurance carrier."

We do not see any need for the Young Defendants to amend their Counterclaims to add this form as an attachment or to quote from the form in the Counterclaims. Doing so is not required under the precedents cited above and given the facts in this case, and it will only delay the proceedings. Our position is that the attached sample assignments are incorporated into the pleading. The Young Defendants will not argue that your clients' motion to dismiss improperly relies on material outside the pleading, should you choose to address these examples in your motion to dismiss.

With respect to your contention that the Counterclaims fail to plausibly allege that the Aetna plans permit assignments, we are not aware of any valid non-assignment clause. If the applicable Aetna plans prohibit assignment for the patient claims that are the subject of the Counterclaims, please send us the applicable plan documents and point us to the non-assignability clause (as we requested during our meet and confer on January 3, 2025). In any event, Aetna has clearly waived any non-assignment argument. As noted, Aetna admits in its First Amended Complaint that the Young Defendants "represented that they had obtained assignments of benefits from Aetna members, thereby allowing them to obtain payments of the members' benefits." (ECF 39 ¶203.) If the applicable plans had a non-assignment clause, Aetna waived the clause by processing and either issuing pre-payment review letters or paying the Young Defendants' claims. At no point did Aetna, to our knowledge, assert non-assignability of benefits. (ECF 74 ¶159.)

Finally, we disagree with your argument that the Young Defendants have failed to allege the specific plan terms breached. In *Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, 99 F. Supp. 3d 1110, 1159 (C.D. Cal. 2015), the Court allowed the plaintiff provider to merely allege, "on information and belief," "that for each plan, the terms of the plan: (1) provide coverage for each of the procedures at issue in this case; and (2) dictate that these covered services would be paid according to a specific reimbursement rate (such as the reasonable and customary fees for services charged by outpatient surgical centers), which must be specified." The Young Defendants have done just that, alleging:

- "The terms of Aetna ERISA Plan Enrollees' plans clearly covered the MH/SUD and mental health treatment provided to each enrollee. The Aetna ERISA Plan Enrollees had out-of-network coverage, which extended to the services provided as confirmed in each individual case by a VOB call or communication." (ECF 74 ¶164.)
- "Each Aetna ERISA Plan Enrollee's plan stated the enrollee was entitled to benefits for medically necessary MH/SUD and mental health benefits like those provided by Providers." (ECF 74 ¶165.)
- "For each ERISA Claim, Aetna had either authorized or pre-certified services or had referred Providers to Aetna's no-authorization policy, in all cases affirming that the services in question were medically necessary (or deferring to Providers' determination in that regard) and further

3

- affirming that the services were covered for each enrollee during the time period in which the services were provided. For each Aetna ERISA Plan Enrollee on whose behalf the ERISA Claims were submitted, the treatment programs that Providers offered and provided were therefore covered." (ECF 74 ¶166.)
- "For each Aetna ERISA Plan Enrollee for whom Providers submitted ERISA Claims, the services Provider provided were medically necessary." (ECF 74 ¶167.)
- "For each Aetna ERISA Plan Enrollee, Aetna's plan documents promised Aetna would pay for those services at a particular rate, typically 125% of Medicare. Aetna has knowledge of the rates it was required to pay for each enrollee because Aetna has access to all the relevant plan documents, including the Evidence of Coverage." (ECF 74 ¶168.)

Aetna itself alleges that it paid approximately $39 million to the Young Defendants for covered services. In the Counterclaims, the same providers provided the same types of treatment to Aetna enrollees covered by the same Aetna plans. It is therefore beyond plausible that Aetna plans covered the services identified in the Counterclaims and at the rates alleged. The Young Defendants have identified with specificity all of the patient claims that are the subject of its Counterclaims, and Aetna has all of the plan documents applicable to such claims.

To that end, the Young Defendants hereby demand that Aetna immediately provide all applicable plan documents for each of the patient claims identified in the Counterclaims, including, but not limited to, Evidence of Coverage documents. Such documentation should be produced not only pursuant to Aetna's initial disclosures obligations under Rule 26(a)(1), but also based on the Young Defendants' rights as assignees of the patient claims. Because Aetna maintains that quotation of specific plan documents is necessary to seek payment from Aetna, the Young Defendants request production of such plan documents based on their assigned rights.

In addition, in Paragraph 204 of the First Amended Complaint, Aetna refers to "representative" "terms in the ERISA plans implicated by the claims in this case." The Young Defendants demand that Aetna produce all such ERISA plan documents concerning coverage pursuant to Aetna's initial disclosures obligations under Rule 26(a)(1).

The Young Defendants reserve all rights to amend their Counterclaims pursuant to Rule 15(a)(1)(B) and/or to seek leave to amend from the Court.

Thank you,

Marc


Marc S. Williams

**COHEN WILLIAMS** LLP

724 South Spring Street, 9th Floor

Los Angeles, CA 90014

Tel: 213-232-5162

Cell: 323-821-4333

Fax: 213-232-5167

mwilliams@cohen-williams.com

www.cohen-williams.com


On Fri, Jan 3, 2025 at 1:34 PM McCoy, Benjamin H. <bmccoy@foxrothschild.com> wrote:

Counsel,

Thank you for speaking with me. As we discussed, if you think there is an argument we flagged below (such as the assignment issue) that can be fixed by amendment, we encourage you to amend before we file the Motion to avoid repeated rounds of motion practice. We are happy to consent to a revised briefing schedule if you need it.

We intend to oppose any request to amend in response to our motion if the issue is one that you were made aware of and could fix with an amendment prior to our filing.



**Benjamin H McCoy**
Partner

📞 (610) 397-7972
✉ bmccoy@foxrothschild.com

---

**From:** McCoy, Benjamin H.
**Sent:** Thursday, December 19, 2024 2:24 PM
**To:** Yusuf Saei <ysaei@cohen-williams.com>
**Cc:** Marc Williams <mwilliams@cohen-williams.com>; Kathleen Erskine <kerskine@cohen-williams.com>; Reuven

5

Cohen <rcohen@cohen-williams.com>; Shaeffer, John J. <jshaeffer@foxrothschild.com>; Longo, Alberto <ALongo@foxrothschild.com>; Follett, Matthew <MFollett@foxrothschild.com>
**Subject:** RE: FW: [EXT] Re: Aetna/Young - L.R. 7-3 Meet and Confer Correspondence

Yes, that is fine.



**Benjamin H McCoy**
Partner

📞 (610) 397-7972
✉ bmccoy@foxrothschild.com

---

**From:** Yusuf Saei <ysaei@cohen-williams.com>
**Sent:** Thursday, December 19, 2024 2:07 PM
**To:** McCoy, Benjamin H. <bmccoy@foxrothschild.com>
**Cc:** Marc Williams <mwilliams@cohen-williams.com>; Kathleen Erskine <kerskine@cohen-williams.com>; Reuven Cohen <rcohen@cohen-williams.com>; Shaeffer, John J. <jshaeffer@foxrothschild.com>; Longo, Alberto <ALongo@foxrothschild.com>; Follett, Matthew <MFollett@foxrothschild.com>
**Subject:** Re: FW: [EXT] Re: Aetna/Young - L.R. 7-3 Meet and Confer Correspondence

Hi Ben and all,

In light of the court's order granting the stipulation, are you available to continue the meet and confer on January 3rd at 1 p.m. pacific, instead of tomorrow?  Best,

Yusuf

On Tue, Dec 17, 2024 at 1:17 PM Yusuf Saei <ysaei@cohen-williams.com> wrote:

> Thanks Ben, I just circulated an invite.  Best,
>
> Y

On Tue, Dec 17, 2024 at 6:39 AM McCoy, Benjamin H. <bmccoy@foxrothschild.com> wrote:

2 PT works. Agreed to push in the event the court grants the stipulation.

Ben



**Benjamin H McCoy**
Partner

📞 (610) 397-7972
✉ bmccoy@foxrothschild.com

---

**From:** Yusuf Saei <ysaei@cohen-williams.com>
**Sent:** Monday, December 16, 2024 4:32 PM
**To:** McCoy, Benjamin H. <bmccoy@foxrothschild.com>
**Cc:** Marc Williams <mwilliams@cohen-williams.com>; Kathleen Erskine <kerskine@cohen-williams.com>; Reuven Cohen <rcohen@cohen-williams.com>; Shaeffer, John J. <jshaeffer@foxrothschild.com>; Longo, Alberto <ALongo@foxrothschild.com>; Follett, Matthew <MFollett@foxrothschild.com>
**Subject:** Re: FW: [EXT] Re: Aetna/Young - L.R. 7-3 Meet and Confer Correspondence

Thanks Ben, what is your availability to discuss tomorrow? Are you free at 2 pacific? If the Court grants the stipulation or otherwise extends Aetna's deadline to respond, we would propose pushing the meeting. Best,

Yusuf

On Mon, Dec 16, 2024 at 5:22 AM McCoy, Benjamin H. <bmccoy@foxrothschild.com> wrote:

7

Yusef – see below.

Ben



**Benjamin H McCoy**
Partner

📞 (610) 397-7972
✉ bmccoy@foxrothschild.com

---

**From:** Yusuf Saei <ysaei@cohen-williams.com>
**Sent:** Wednesday, December 11, 2024 11:50 PM
**To:** McCoy, Benjamin H. <bmccoy@foxrothschild.com>
**Cc:** Marc Williams <mwilliams@cohen-williams.com>; Kathleen Erskine <kerskine@cohen-williams.com>; Reuven Cohen <rcohen@cohen-williams.com>; Shaeffer, John J. <jshaeffer@foxrothschild.com>; Longo, Alberto <ALongo@foxrothschild.com>; Follett, Matthew <MFollett@foxrothschild.com>
**Subject:** [EXT] Re: Aetna/Young - L.R. 7-3 Meet and Confer Correspondence

Dear Ben:

Before we schedule a meet and confer call, we request the following:

 1. Please provide legal authorities supporting your position as to the arguments within your second bullet point on the ERISA claims.

 2. Please explain your economic loss rule argument as it applies to this case and include legal authority supporting your position.

 3. Please provide legal authorities supporting your position as to the UCL claims.

 4. Please explain why you believe the counterclaim does not plausibly state a claim for fraud as to Mr. Erickson.

Thank you,

Yusuf

On Tue, Dec 10, 2024 at 4:52 PM McCoy, Benjamin H. <bmccoy@foxrothschild.com> wrote:

Counsel,

Please allow this to serve as a meet and confer e-mail pursuant to L.R. 7-3 in anticipation of Aetna's forthcoming Motion to Dismiss your counterclaims. Please let us know what time tomorrow you are available to hop on a call to discuss any questions you may have.

Grounds for Motion to Dismiss. These are the grounds we have identified to date, and we reserve to adjust and/or add more as we continue drafting.

- ERISA Preempts all state law claims. Every claim is based upon plan administration activities or asserts a right to payment of benefits under a plan.

- Any ERISA claim fails because

    a. Inadequate allegations of assignment. You need to attach example assignments or quote them in their entirety. *See Creative Care, Inc. v. Connecticut General Life Insurance* Company, 2017 WL 5635015, at *2 (C.D. Cal. 2017) (granting motion to dismiss because the plaintiff "neither quotes from the purported assignment's langue nor does it attach a copy of any agreement containing the alleged assignment"); *Saloojas, Inc. v. Aetna Health of California, Inc.*, 2022 WL 4775877, *3 (N.D. Cal. Sep. 30, 2022) (stating "to allege statutory standing, a provider must 'at bare minimum allege the specific language of the assignment itself" and dismissing plaintiff's ERISA claim in part due to failure to allege language of assignment).
    b. Inadequate allegations of a valid assignment. That is, a failure to plausibly allege the plans permit assignments. *Davidowitz v. Delta Dental Plan of Cal., Inc.*, 946 F.2d 1476, 1477 (9th Cir. 1991) ("ERISA . . . plan payments are not assignable in the face of an express non-assignment clause in the plan.")
    c. Failure to allege the specific plan terms breached and improper reliance on group allegations to cover distinct ERISA plans. *Villalobos v. Blue Shield of California Life and Health Ins. Co.*, 2022 WL 341134, *3 (C.D. Cal. Jan. 4, 2022) ("Because Plaintiff fails to allege the specific terms of the Policy that entitle him to benefits, the Court GRANTS Defendant's Motion."); *Bates v. Blue Shield of California*, 2019 WL 2177641, at *3 (C.D. Cal. May 17, 2019) ("[t]hese vague and conclusory allegations are insufficient to state a claim for 'denial of benefits' under ERISA as Plaintiff fails to

9

allege the provisions of the policy that entitle him to his claimed benefits"); *Simi Surgical Center, Inc v. Connecticut General Life Insurance*, 2018 WL 6332285, at *2 (C.D. Cal. Jan. 4, 2018) (dismissing allegations that plaintiff was "entitled to payment as an out-of-network provider" and the insurer "failed to make payments of benefits to Plaintiff under the terms and conditions of the health insurance plans").

d. Failure to allege exhaustion. *Grenell v. UPS Health & Welfare Package*, 390 F. Supp. 2d 932 935 (C.D. Cal. 2005) (finding insufficient allegations that attempt "to file further appeals, or to perfect additional or new claims, would have met with the same result: denial"); *Diaz v. United Agricultural Employee Welfare Benefit Plan and Trust*, 50 F.3d 1478, 1485 (9th Cir.1995) (allegations that defendants continued to refuse to pay indicated that they had no intention of doing so were inadequate because "bare assertions of futility are insufficient to bring a claim within the futility exception").

- Economic Loss Rule Bars Tort and UCL Claims

    a. Claims for fraud and negligent misrepresentation are tort claims in California. *See Fortaleza v. PNC Financial Services Group, Inc.*, 642 F.Supp.2d 1012, 1021 (N.D. Cal. 2009) ("Fraud is an intentional tort"); *Crystal Springs Upland School v. Fieldturf USA, Inc.*, 219 F.Supp.3d 962, 969 (N.D. Cal. 2016) (recognizing negligent misrepresentation is a species of tort in California). Tort claims are barred by the economic loss rule. *UMG Recordings, Inc. v. Global Eagle Entertainment, Inc.*, 117 F.Supp.3d 1092, 1103 (C.D. Cal. 2015) (citing the California Supreme Court for the proposition that the "economic loss rule is necessary to 'prevent [ ] the law of contract and the law of tort from dissolving into one another'" and dismissing claims for fraud and negligent misrepresentation on that basis). Providers' fraud and negligent misrepresentation claims stem from an economic expectation of reimbursement—the same economic expectation forming Providers' breach of contract claims. The economic loss rule bars such claims. *See Audigier Brand Management v. Perez*, 2012 WL 5470888, at *5 (C.D. Cal. Nov. 5, 2012) ("many courts have applied the economic loss rule to bar recovery in tort where 'the damages [a] plaintiff seek[s] are the same economic losses arising from the alleged breach of contract.'" (quoting *Multifamily Captive Group, LLC v. Assurance Risk Managers, Inc.*, 629 F.Supp.2d 1135, 1146 (E.D. Cal. 2009)).

- There are no plausible allegations for including David Erickson personally in this case

    a. The sole allegation as to David Erickson is that he issued notices that claims would be "reviewed for payment" in his capacity as "investigator." There are no other specific allegations as to him. This is not sufficient under Rule 8 (much less Rule 9(b)), particularly in light of an insurer's obligation to investigate claims submitted for reimbursement and Mr. Erickson's role as investigator.

- Fraud (Count I) fails because

    a. The claim fails to meet the specificity requirements of Federal Rule of Civil Procedure 9(b), as it fails to identify (a) who the allegedly false statement(s) were made or received by, (b) when the statement(s) were made, (c) what statement(s) were false, or (d) why the statement(s) were false;
    b. There is no fraudulent statement actually identified;
    c. The claim fails to plead justifiable reliance on its face

- Negligent Misrepresentation (Count II) fails because

    a. All the same grounds as fraud
    b. This claim does not apply to statements regarding future conduct

- Breach of Express Contract (Count III) fails because:

    a. The terms of the alleged contract are not plead
    b. Aetna received no consideration for any contract

- Breach of Implied Contract (Count IV) fails because

    a. There is no enforceable promise or contract identified. Pre-service discussions are not binding promises to pay.

- Breach of Implied Covenant of Good Faith and Fair Dealing (Count V) fails because:

    a. There is no underlying contract
    b. It is duplicative of the other claims
    c. No plausible allegations of bad faith

- Promissory Estoppel (Count VI) fails because:

    a. Fails to plead a clear promise, an
    b. Fails to plead reasonable reliance

11

- ERISA benefits (Count VII) – see above

- Injunction (Count VIII)

    a. This relief is duplicative of the claim for benefits
    b. There is no valid underlying claim (it is equally unclear what claim injunctive relief is actually based on).

- Unfair Competition (Count IX)

    a. Lack of standing – UCL claims cannot be based on assigned rights. *See In re Out-of-Network Substance Use Disorder Claims Against UnitedHealthcare*, 2023 WL 2808747, at *29 (C.D. Cal. Jan. 13, 2023) ("'an injured party's assignment of rights cannot confer standing on an uninjured assignee.'").
    b. There is an adequate remedy at law, even if those remedies will fail. *Silvercrest Realty, Inc. v. Great Am. E&S Ins*, 2012 WL 13028094, at *3 (C.D. Cal. Apr. 4, 2012) (granting motion to dismiss UCL due to failure to allege that legal remedies are inadequate); *Moss v. Infinity Ins.*, 197 F. Supp. 3d 1191, 1203 (N.D. Cal. 2016) (dismissing UCL claim due to adequate legal remedy and holding existence of legal remedy barred UCL claim "even if all of plaintiff's non-UCL claims ultimately fail.").



**Benjamin H McCoy**
Partner

📞 (610) 397-7972
✉ bmccoy@foxrothschild.com

This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.

This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.

This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.

This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.

This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.