# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

NOTE: CHANGES MADE BY THE COURT

| | |
|---|---|
| AETNA LIFE INSURANCE COMPANY, AETNA HEALTH OF CALIFORNIA, INC., | Case No. 23-CV-09654-MCS-MCS |
| Plaintiffs, | **STIPULATED QUALIFIED PROTECTIVE ORDER** |
| vs. | |
| NATHAN SAMUEL YOUNG a/k/a PABLO LOPEZ; DAVID YOUNG a/k/a SANCHO LOPEZ; JOSE RICARDO TOSCANO MALDONADO; ALI BEHESHTI; MARC ADLER; ANI MIRZAVAN; ZEALIE LLC; HELPING HANDS REHABILITATION CLINIC, INC; JOSER FOREVER LLC; GET REAL RECOVERY LLC; REVIVE PREMIER TREATMENT CENTER, INC.; HEALING PATH DETOX LLC; OCEAN VALLEY BEHAVIORAL HEALTH, LLC; RODEO RECOVERY LLC; SUNSET REHAB LLC; NATURAL REST HOUSE, INC; AND JOHN DOES 1 THROUGH 50, AND ABC CORPS. 1 THROUGH 50. | |
| Defendants. | |
| GET REAL RECOVERY, INC.; HEALING PATH DETOX LLC; OCEAN VALLEY BEHAVIORAL HEALTH, LLC; SUNSET REHAB LLC; HELPING HANDS REHABILITATION CLINIC, INC. AND JOSER FOREVER LLC, | |
| Counterclaimants, | |
| v. | |
| AETNA LIFE INSURANCE COMPANY; AETNA HEALTH OF CALIFORNIA, INC.; DAVID ERICKSON; ROES 1-10, | |

1

STIPULATED QUALIFIED PROTECTIVE ORDER

## STIPULATED QUALIFIED PROTECTIVE ORDER

Pursuant to the Health Insurance Portability and Accountability Act of 1996, Public Law 104-91 ("HIPAA"), and for good cause, the Court issues this Qualified Protective Order (the "Order"). Unless modified pursuant to the terms contained in this Order, this Order shall be effective on the date of execution and remain in effect through the conclusion of this litigation.

## RECITALS

WHEREAS, Plaintiffs Aetna Life Insurance Company and Aetna Health of California, Inc. ("Aetna") commenced the above-captioned action against Defendants Nathan Samuel Young, also known as Pablo Lopez; David Young, also known as Sancho Lopez; Jose Ricardo Toscano Maldonado; Ali Beheshti; Marc Adler; Ani Mirzayan; Zealie LLC;[1] Helping Hands Rehabilitation Clinic, Inc.; Joser Forever LLC; Get Real Recovery Inc. (erroneously sued as Get Real Recovery LLC); Revive Premier Treatment Center, Inc.; Healing Path Detox LLC; Ocean Valley Behavioral Health, LLC; Rodeo Recovery LLC; Sunset Rehab LLC; Natural Rest House, Inc.; 55 Silver, LLC, 9 Silver, LLC, and John Does 1 through 50, and ABC CORPS. 1-50 (collectively, "Defendants") on or about February 20, 2024;[2]

WHEREAS, all named parties in this action will be referred to herein collectively as the "Litigants";

WHEREAS, the Litigants have served, or may serve, interrogatories, requests for production of certain documents and tangible things, and notices of deposition, subpoenas, and requests for admissions, the responses to which may call for the disclosure of "Confidential Information" as defined below;

WHEREAS, the Litigants will be required to disclose, or may have already

---

[1] Aetna voluntarily dismissed Defendants Beheshti and Zealie from this matter.

[2] Young Defendants' Answer to Amended Complaint and Counterclaims (Dkt No. 74) identifies David Erickson as a counterclaim defendant and party in this matter.

STIPULATED QUALIFIED PROTECTIVE ORDER

disclosed, responsive Confidential Information via: (a) discovery responses and in other written form; (b) testimony and other oral statements, transcripts, or recordings thereof, including exhibits thereto; (c) documents and things produced; (d) compilations of data, whether in writing, or electronic, magnetic and/or digital media or otherwise; (e) copies, excerpts, extracts and summaries of any of the foregoing; (f) telephonic recordings and transcripts thereof; and (g) any information contained in any of the foregoing;

WHEREAS, the parties represent that such Confidential Information does not involve a public official and does not concern public health or safety;

WHEREAS, this Order is intended to satisfy and to conform with the application or the potential application of HIPAA, the privacy regulations promulgated thereunder, 45 C.F.R. Parts 160, 162, and 164 (the "Privacy Regulations"), and with any other applicable state laws and regulations that provide greater privacy protection than HIPAA or the Privacy Regulations with regard to certain health information that may be produced and used or disclosed in discovery and to the extent that it shall fail to do so the Litigants intend the terms herein to be deemed to so conform and satisfy;

NOW THEREFORE, in consideration of the Recitals set forth above and for good cause shown, which Recitals are incorporated herein by reference:

on this 11th day of February, 2025,

### IT IS ORDERED THAT:

### 1. Scope of Protection

This Protective Order shall govern any record of information, documents, things and information produced or furnished by a party during the course of this action until the time of trial and designated pursuant to this Protective Order, including all disclosures, designated deposition testimony, all designated testimony taken at a hearing or other proceeding, all designated deposition exhibits, interrogatory answers, admissions, documents and other discovery materials, whether

1  produced informally or in response to interrogatories, requests for admissions,

2  requests for production of documents or other formal methods of discovery, as well

3  as pleadings, briefs, memoranda or other materials furnished by or on behalf of a party

4  in this action up until the time of trial.  It shall also govern any legally privileged

5  information inadvertently produced by either party.

6        This Protective Order shall also govern any designated record of information,

7  documents, things and information produced or furnished by a party pursuant to

8  required disclosures under any federal procedural rule or local rule of the Court and

9  any supplementary disclosures thereto. This Protective Order shall apply to the parties

10 and to any nonparty from whom discovery may be sought who desires the protection

11 of this Protective Order.

12        **2. Definitions**

13       The term "Confidential Information" shall mean confidential or proprietary

14 technical, scientific, financial, business, health, or medical information designated as

15 "CONFIDENTIAL" by the producing party.  The term "Confidential Health

16 Information" shall constitute a subset of Confidential Information and shall be

17 designated as "CONFIDENTIAL" and subject to all other terms and conditions

18 governing the treatment of Confidential Information.  Confidential Health

19 Information may include information supplied in any form, or any portion thereof,

20 that identifies an individual or subscriber in any manner and relates to the past,

21 present, or future care, services, or supplies relating to the physical or mental health

22 or condition of such individual or subscriber, the provision of health care to such

23 individual or subscriber, or the past, present, or future payment for the provision of

24 health care to such individual or subscriber.  Confidential Health Information may

25 include, but is not limited to, medical bills, charge sheets, medical records, medical

26 charts, test results, notes, dictation, invoices, itemized billing statements, remittance

27 advice forms, explanation of benefits, checks, notices and requests that contain

28 Confidential Health Information, claim data, claim forms, grievances, appeals, or

other documents or records that contain any patient health information required to be kept confidential under any state or federal law, including 45 C.F.R. Parts 160 and 164 promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 (*see* 45 C.F.R. §§ 164.501 & 160.103), and the following subscriber, patient, or member identifiers:

    a. names;

    b. all geographic subdivisions smaller than a State, including street address, city, county, precinct, and zip code, except for the initial three digits of a zip code if, according to the current publicly available data from the bureau of the Census, (i) the geographic unit formed by combining all zip codes with the same three initial digits contains more than 20,000 people, and (ii) the initial three digits of a zip code for all such geographic units containing 20,000 or fewer people is changed to 000;

    c. all elements of dates (except year) for dates directly related to an individual, including birth date, admission date, discharge date, age, and date of death;

    d. telephone numbers;

    e. fax numbers;

    f. electronic mail addresses;

    g. social security numbers;

    h. medical record numbers;

    i. health plan beneficiary numbers;

    j. account numbers;

    k. certificate/license numbers;

    l. vehicle identifiers and serial numbers, including license plate numbers;

    m. device identifiers and serial numbers;

    n. web universal resource locators ("URLs");

5

**STIPULATED QUALIFIED PROTECTIVE ORDER**

o.  internet protocol ("IP") address numbers;

p.  biometric identifiers, including finger and voice prints;

q.  full face photographic images and any comparable images; and/or

r.  any other unique identifying number, characteristic, or code.

The term "Technical Advisor" shall refer to any person who is not a party to this action or not presently employed by the receiving party or a company affiliated through common ownership, who has been designated by the receiving party to receive another party's Confidential Information, including Confidential Health Information.  Each party's "Technical Advisors" shall be limited to such person as, in the judgment of that party's counsel, are reasonably necessary for development and presentation of that party's case.  These persons include outside experts or consultants retained to provide technical or other expert services such as expert testimony or otherwise assist in trial preparation.

## 3.  Designation of Information

Documents and things produced or furnished during the course of this action shall be designated as containing Confidential Information, including Confidential Health Information, by placing on each page, each document (whether in paper or electronic form), or each thing a legend substantially as follows:  CONFIDENTIAL

A party may designate information disclosed at a deposition as Confidential Information by requesting the reporter to so designate the transcript at the time of the deposition. With respect to any depositions that involve a disclosure of Confidential Information of a party to this action, such party who did not so designate in the transcript at the time of the deposition, shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated confidential, which period may be extended by agreement of the parties.  During this period, no such deposition transcript shall be disclosed, and no individual attending such a deposition shall disclose the contents of the deposition, to any individual other than the individuals described in Paragraphs 5

6

and 6. Upon being informed that certain portions of a deposition are to be designated as Confidential Information, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with this order.

A producing party shall designate its discovery responses, responses to requests for admission, briefs, memoranda and all other papers sent to the court or to opposing counsel as containing Confidential Information when such papers are served or sent.

A party shall designate information disclosed at a hearing as Confidential Information by requesting the court, at the time the information is proffered or adduced, to receive the information only in the presence of those persons designated to receive such information and court personnel, and to designate the transcript appropriately.

The parties will use reasonable care to avoid designating any documents or information as Confidential Information that is not entitled to such designation or which is generally available to the public. The parties shall designate only that part of a document or deposition that is Confidential Information, rather than the entire document or deposition.

### 4. Disclosure and Use of Confidential Information

Information that has been designated Confidential shall be disclosed by the receiving party only to Qualified Recipients. All Qualified Recipients shall hold such information received from the disclosing party in confidence, shall use the information only for purposes of this action and for no other action, and shall not use it for any business or other commercial purpose, and shall not use it for filing or prosecuting any patent application (of any type) or patent reissue or reexamination request, and shall not disclose it to any person, except as hereinafter provided. All information that has been designated Confidential shall be carefully maintained so as to preclude access by persons who are not qualified to receive such information under the terms of this Order.

7

In the event that any receiving party's briefs, memoranda, discovery requests, requests for admission or other papers of any kind which are served or filed shall include another party's Confidential Information, the papers shall be appropriately designated and shall be treated accordingly.

All documents, including attorney notes and abstracts, which contain another party's Confidential Information, shall be handled as if they were designated pursuant to paragraph 3.

Documents, papers and transcripts filed with the court that contain any other party's Confidential Information shall be filed under seal in accordance with Local Civil Rule 79-5.

### 5. Qualified Recipients

For purposes of this Order, the term Qualified Recipient means

a. Outside counsel of record for any party in this action and relevant in-house counsel for the parties, as well as employees of such counsel (excluding experts and investigators) assigned to and necessary to assist such counsel in the preparation and trial of this action, provided they have signed a non-disclosure agreement;

b. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

c. Representatives, officers, or employees of a party as necessary to assist outside counsel in the preparation and trial of this action;

d. Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it; was involved in the subject matter described therein or is employed by the party who produced the information,

document or thing, or if the producing party consents to such disclosure;

e.  Witnesses who testify by deposition who, if not a representative, officer, or employee of a party, shall be advised about the terms of this Order and that such Order is applicable to them in connection with their testimony and do not retain copies of Confidential Information;

f.  Persons who were authors or recipients of the Confidential Information or previously had legal access to Confidential Information;

g.  Vendors retained by or for the parties to assist in preparing for discovery and/or hearings including, but not limited to, court reporters, litigation support personnel, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials;

h.  Technical Advisors, expert witnesses, or consultants engaged by a party to assist with the preparation and trial of this action provided such expert or consultant agrees in writing, in the form attached at Appendix A, to be bound by the terms of this Order;

i.  Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the parties, and his or her staff, provided that such individuals (except for judicial officers) agree in writing, in the form attached at Appendix A, to be bound by the terms of this Order;

j.  Stenographers and videographers engaged to transcribe or

9

record depositions conducted in this action provided that such individuals agree in writing, in the form attached at Appendix A, to be bound by the terms of this Order;

    k.  The Court and its support personnel; and

    l.  The Parties. In the case of the parties that are corporations or other business entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit and employees who are witnesses or potential witnesses in this matter.

### 6.  Nonparties

Any nonparty who produces documents or other information in response to discovery requests or subpoenas in this litigation shall be entitled to the benefits and protections of this Order and shall be entitled to seek additional protections. The parties agree that they will treat Confidential Information produced by nonparties according to the terms of this Order. Nonparties may challenge the confidentiality of Confidential Information by filing a motion to intervene and a motion to de-designate.

### 7.  Other Individuals

Confidential Information shall be used only by individuals permitted access to such material under Paragraphs 5 and 6, respectively.  Confidential Information, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless

    (a)   outside counsel for the party asserting confidentiality waives the claim of confidentiality, or

    (b)   the Court orders such disclosure.

### 8.  Inadvertent Failure to Designate

In the event that a producing party inadvertently fails to designate any of its information pursuant to paragraph 3, it may later designate by notifying the receiving parties in writing.  The receiving parties shall take reasonable steps to see that the

10

information is thereafter treated in accordance with the designation. It shall be understood however, that no person or party shall incur any liability hereunder with respect to disclosure that occurred prior to receipt of written notice of a belated designation.

### 9. Inadvertent Disclosure

To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential Information that should have been but was not designated as such at the time it was disclosed shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying counsel for all parties to whom the material was disclosed, in writing and within a reasonable time after disclosure that the material should have been designated Confidential Information. Such notice shall constitute a valid designation of the information, document or thing as Confidential Information under this Protective Order, provided, however, Confidential Health Information shall be treated in accordance with this Order without regard to any designation or claim of protection at the time of production.

In the event of an inadvertent or unintentional disclosure of another party's Confidential Information to a non-Qualified Recipient, the party making the inadvertent disclosure, to the extent consistent with applicable law, shall promptly upon learning of the disclosure: (i) notify the person to whom the disclosure was made that it contains Confidential Information subject to this Order; (ii) make all reasonable efforts to preclude dissemination or use of the Confidential Information by the person to whom disclosure was inadvertently made including, but not limited to, obtaining all copies of such materials from the non-Qualified Recipient; and (iii) notify the producing party of the identity of the person to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to ensure against the

dissemination or use of the information.

If information subject to a claim of Attorney-Client Privilege, Attorney Work Product or any other legal privilege protecting information from discovery is inadvertently disclosed or produced by either party, such disclosure or production shall in no way prejudice or otherwise constitute a waiver of or estoppel as to any type of privilege, work product or other ground for withholding production to which the producing party or the other person otherwise would be entitled.  If a claim of inadvertent disclosure is made pursuant to this paragraph with respect to information then in the custody of another party, such party promptly shall return to the claiming party or person that material and all copies or reproductions thereof as to which the claim of inadvertent production has been made, shall destroy all notes or other work product reflecting the contents of such material, and shall delete such material from any litigation support or other database.  The party returning such material may then move before a Judge for an order compelling production of the material, but such motion shall not rely upon in any manner or assert as a ground for entering such an order the fact or circumstances of the inadvertent disclosure or production.

### 10. Challenge to Designation

At any time after the delivery of Confidential Information and consistent with the Court's Scheduling Order, counsel for the party receiving the Confidential Information may challenge the designation of all or any portion thereof by providing a written objection to such designation to counsel for the party disclosing or producing the Confidential Information, which shall describe with particularity the documents or information in question and shall state the grounds for objection. All such designation challenges must proceed in full compliance with Local Rule 37.

The party producing the Confidential Information shall have the burden of establishing that the disputed Confidential Information is entitled to confidential treatment.

## 11. Use of Confidential Information in Filed Documents

In the event a party intends to use any discovery materials designated as Confidential Information, in any documents filed with the Court, or included in, referred to, or attached to any pleading or other paper filed with the Court, the party shall comply with Local Rule 79-5.

## 12. Public Domain

No information that is in the public domain or that is already known by the receiving party through proper means, or that is or becomes available to a party from a source other than the party asserting confidentiality that is rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be confidential under this Protective Order.

## 13. Conclusion of Action

At the conclusion of this action, including through all appeals, each party or other person subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential Information and to destroy, should such source so request, all materials and documents containing Confidential Information and to certify to the producing party such destruction or return.  Such return or destruction shall not relieve said parties or persons from any of the continuing obligations imposed upon them by this Order. Further, each party or other individual subject to the terms hereof shall be under an obligation to destroy, should such source so request, all copies of such documents and things that contain and/or constitute attorney work product as well as excerpts, summaries and digest revealing such Confidential Information; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Protective Order.

The provisions of this paragraph are not intended to be binding on the United States, any insurance company, or any other party to the extent that such provisions

1  conflict with applicable Federal or State law. The Department of Justice, any
2  insurance company, or any other party shall notify the producing party in writing of
3  any such conflict it identifies in connection with a particular matter so that such matter
4  can be resolved either by the parties or by the Court.

5  ### 14. Jurisdiction to Enforce Protective Order

6  After the termination of this action, the Court will continue to have jurisdiction
7  to enforce this Order.

8  ### 15. Modification of Protective Order

9  This Order is without prejudice to the right of any person or entity to seek a
10  modification of this Order at any time either through stipulation or Order of the Court.

11  ### 16. Confidentiality of Party's Own Documents

12  Nothing herein shall affect the right of the designating party to disclose to its
13  officers, directors, employees, attorneys, consultants or experts, or to any other
14  person, its own information.  Such disclosure shall not waive the protections of this
15  Protective Order and shall not entitle other parties or their attorneys to disclose such
16  information in violation of it, unless by such disclosure of the designating party the
17  information becomes public knowledge. Similarly, the Protective Order shall not
18  preclude a party from showing its own information, including its own information
19  that is filed under seal by a party, to its officers, directors, employees, attorneys,
20  consultants or experts, or to any other person.

21  ### 17. Compulsory Disclosure to Third Parties

22  If, at any time, any person ("Receiving Person"), other than the party who
23  originally produced Confidential Information is subpoenaed in another action or
24  proceeding, served with a document or testimony demand or a court order, or other
25  compulsory process by any court, administrative agency, legislative body, or other
26  person or entity commanding production of such materials, and such subpoena or
27  demand or court order seeks Confidential Information, including Confidential Health
28  Information of a party that produced confidential information in this litigation

("Producing Person"), the Receiving Person shall first, except where prohibited by law, provide immediate written notice to counsel for the Producing Person and allow the Producing Person an opportunity to oppose such subpoena or demand or court order prior to the deadline for complying with the subpoena or demand or court order. Second, the Receiving Person shall promptly notify in writing the entity or person who caused the subpoena, demand, or order to issue that some or all of the material covered by the subpoena, demand, or order is subject to this Protective Order.  Such notification shall include a copy of this Protective Order.  The Producing Party then shall have the burden of seeking protection of its confidential material in the appropriate forum. The Receiving Person shall cooperate with respect to all reasonable procedures sought to be pursued by the Producing Person whose protected material may be affected and shall not take any position concerning the propriety of such subpoena or request, or the discoverability of the information sought thereby. Unless otherwise ordered by the Court or required by a government subpoena, the Receiving Party shall comply with the request only if the Producing Person does not timely seek, or is unsuccessful in seeking, an order modifying or quashing the request. No compulsory disclosure to third parties of information or material exchanged under this Order shall be deemed a waiver of any claim of confidentiality, except as expressly found by a court or judicial authority of competent jurisdiction.

## 18. Binding Effect

This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control to the extent permissible by law.

**STIPULATED QUALIFIED PROTECTIVE ORDER**

1

2       **IT IS SO ORDERED.**

3

4       DATE: 2/11/2025

5                                                    _____
                                                     Hon. Jean P. Rosenbluth
6                                                    United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        16

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| AETNA LIFE INSURANCE COMPANY, AETNA HEALTH OF CALIFORNIA, INC., | Case No. 23-CV-09654-MCS-MCS |
| Plaintiffs, | **QUALIFIED PROTECTIVE ORDER** |
| vs. | |
| NATHAN SAMUEL YOUNG a/k/a PABLO LOPEZ; DAVID YOUNG a/k/a SANCHO LOPEZ; JOSE RICARDO TOSCANO MALDONADO; ALI BEHESHTI; MARC ADLER; ANI MIRZAVAN; ZEALIE LLC; HELPING HANDS REHABILITATION CLINIC, INC; JOSER FOREVER LLC; GET REAL RECOVERY LLC; REVIVE PREMIER TREATMENT CENTER, INC.; HEALING PATH DETOX LLC; OCEAN VALLEY BEHAVIORAL HEALTH, LLC; RODEO RECOVERY LLC; SUNSET REHAB LLC; NATURAL REST HOUSE, INC; AND JOHN DOES 1 THROUGH 50, AND ABC CORPS. 1 THROUGH 50. | |
| Defendants. | |
| GET REAL RECOVERY, INC.; HEALING PATH DETOX LLC; OCEAN VALLEY BEHAVIORAL HEALTH, LLC; SUNSET REHAB LLC; HELPING HANDS REHABILITATION CLINIC, INC. AND JOSER FOREVER LLC, | |
| Counterclaimants, | |
| v. | |
| AETNA LIFE INSURANCE COMPANY; AETNA HEALTH OF CALIFORNIA, INC.; DAVID | |

17

ERICKSON; ROES 1-10,

**Appendix A**

**<u>PROTECTIVE ORDER UNDERTAKING</u>**

I, _____, being duly sworn, declare that:

1.    My address is _____.

My current employer is _____.

The address of my current employer is _____

_____.

My current occupation or job description is _____

_____.

2.    I have received a copy of the Protective Order in this action.  I have carefully read and understand the provisions of the Protective Order in this case signed by the court.

3.    I will comply with all of the provisions of the Protective Order and agree to be bound by the Protective Order.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order any Confidential Information or any words, summaries, abstracts, or indices of Confidential information disclosed to me

3.    I will limit use of Confidential Information or information designated as "Confidential" disclosed to me solely for purposes of this action.

4.    Promptly upon termination of the relevant action, I will either return in full, to the party by whom I was employed or retained, or completely destroy all documents and things designated as "Confidential," and summaries, abstracts, and indices thereof that came into my possession, and all documents and things that I have prepared relating thereto.

5.    I understand that the obligations of this undertaking and the provisions of the Protective Order continue past the termination of the action.

18

6.    I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____

STIPULATED QUALIFIED PROTECTIVE ORDER