Marc S. Williams (Bar No. 198913)
Email: mwilliams@cohen-williams.com
Reuven L. Cohen (Bar. No 231915)
Email: rcohen@cohen-williams.com
Kathleen M. Erskine (Bar No. 223218)
Email: kerskine@cohen-williams.com
Roya S. Ladan (Bar No. 287161)
Email: rladan@cohen-williams.com
Joseph (Yusuf) Saei (Bar No. 321341)
Email: ysaei@cohen-williams.com
COHEN WILLIAMS LLP
724 South Spring Street, 9th Floor
Los Angeles, CA 90014
Telephone: (213) 232-5160
Facsimile: (213) 232-5167

Attorneys for Defendants Nathan Young, David Young, Get Real Recovery Inc., Healing Path Detox LLC, Ocean Valley Behavioral Health, LLC, Rodeo Recovery LLC, Sunset Rehab LLC, Natural Rest House, Inc., Helping Hands Rehabilitation Clinic Inc., Joser Forever LLC, 9 Silver LLC, and 55 Silver LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| AETNA LIFE INSURANCE COMPANY, AETNA HEALTH OF CALIFORNIA, INC.,<br><br>                    Plaintiffs,<br><br>          v.<br><br>NATHAN SAMUEL YOUNG a/k/a PABLO LOPEZ; et al.,<br><br>                    Defendants. | Case No. 2:23-cv-09654-MCS (SKx)<br><br>**STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF YOUNG DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>*Filed concurrently with Notice of Motion; Memorandum of Points and Authorities; Declaration of Joseph E. Saei; and [Proposed] Order*<br><br>Judge:    Hon. Mark C. Scarsi<br>Date:     March 16, 2026<br>Time:     9:00 a.m.<br>Place:    Courtroom 7C<br><br>Trial Date:    May 5, 2026 |

STATEMENT OF UNCONTROVERTED FACTS ISO YOUNG DEFENDANTS' MOT. FOR PARTIAL SUMMARY J.

Defendants Nathan Young, David Young, Get Real Recovery Inc., Healing Path Detox LLC, Ocean Valley Behavioral Health, LLC, Rodeo Recovery LLC, Sunset Rehab LLC, Natural Rest House, Inc., Helping Hands Rehabilitation Clinic Inc., Joser Forever LLC, 9 Silver LLC, and 55 Silver LLC (collectively, "Young Defendants") submit this Statement of Uncontroverted Facts ("SUF") in support of their Motion for Partial Summary Judgment.  The exhibits referenced below are attached to the concurrently filed Declaration of Joseph (Yusuf) E. Saei.

### STATEMENT OF UNCONTROVERTED FACTS

| | Uncontroverted Fact | Evidence (from and attached to Saei Decl.) |
|---|---|---|
| | *Heading 1:* *The Misrepresentations Aetna Alleged Young Defendants Sent in Claim Forms (see ECF 39 ¶ 137(i)-(iii)) Do Not Exist.* | |
| 1. | "Aetna does not receive paper copies of electronic claims forms in the ordinary course.  Rather, Propounding Party [9 Silver] and the [Young] Defendants' inputs relating to their [allegedly] fraudulent, electronic claims to Aetna *are populated in data*." | Ex. 1, Pl. Aetna Responses to Second Set of Interrogatories, at 9 (emphasis added). |
| 2. | "Aetna has produced spreadsheets with the [above referenced] data from the Young Defendants that it intends to rely upon at trial[,] *see* AETNA0000001 – 0000009." | Ex. 1, Pl. Aetna Responses to Second Set of Interrogatories, at 9. |
| 3. | AETNA0000004 pertains only to Revive Premier Treatment, which is not one of the Young Defendants. | *See* Saei Decl. ¶ 6. |

STATEMENT OF UNCONTROVERTED FACTS ISO YOUNG DEFENDANTS' MOT. FOR PARTIAL SUMMARY J.

| 4. | Aetna's produced "data" spreadsheets (AETNA0000001 – 0000009) do not contain the misrepresentations Aetna alleged in ¶137(i) of the FAC, i.e. "Every claim submitted to Aetna represented that Defendants: (i) provided the services in compliance with applicable laws, regulations, and procedures." | *See* Saei Decl. ¶¶ 4-5; Ex. 2 (attaching relevant and redacted excerpt of sample spreadsheet); *see also* Ex. 4, 12/22/2025 Aetna 30(b)(6) Vol II. Depo. Tr. 155:18-20; 156:6-7 (refusing to answer yes or no, referring only to "veil of truth" outside claims themselves); 159:12-20 (referring only to "pattern of behavior"). |
|---|---|---|
| 5. | Aetna's produced "data" spreadsheets (AETNA0000001 – 0000009) do not contain the misrepresentations Aetna alleged in ¶137(ii) of the FAC, i.e. "Every claim submitted to Aetna represented that Defendants: . . . (ii) the services billed were medically necessary and reimbursable." | *See* Saei Decl. ¶¶ 4-5; Ex. 2 (attaching relevant and redacted excerpt of sample spreadsheet); *see also* Ex. 4, 12/22/2025 Aetna 30(b)(6) Vol II. Depo. Tr. 157:9-18 (refusing to answer yes or no, referring only to a "pattern of behavior" beyond claims themselves). |
| 6. | Aetna's produced "data" spreadsheets (AETNA0000001 – 0000009) do not contain the misrepresentations Aetna alleged in ¶137(iii) of the FAC, i.e. "Every claim submitted to Aetna represented that Defendants: . . . (iii) that the information on the claim forms was true, accurate, and that material facts were not concealed." | *Id.* |

3

| | *Heading 2:* *Aetna's Data Spreadsheets Are Second-Hand Exports Created for Litigation- They Lack Crucial Information Regarding the Supposed Misrepresentations and Certifications.* | |
|---|---|---|
| 7. | Claims electronically submitted to Aetna generally pass from a biller/provider to an electronic claims clearing house, to Aetna's Electronic Workflow Management Platform ("EWMP"). | Ex. 3, 12/22/2025 Aetna 30(b)(6) Vol. I. Depo. Tr. 51:16-18; 75:14-16. |
| 8. | When a claim is received in the EWMP it receives date and time stamp. | Ex. 3, 12/22/2025 Aetna 30(b)(6) Vol. I Depo. Tr. 52:7-13. |
| 9. | After arriving at Aetna's EWMP, at least some of the data migrates to Aetna's Automated Claim Adjudication System ("ACAS"). | Ex. 3, 12/22/2025 Aetna 30(b)(6) Vol. I. Depo. Tr. 75:14-16. |
| 10. | Aetna's produced "data" spreadsheets (AETNA0000001 – 0000009) are Excel exports from the Aetna's ACAS. | Ex. 3, 12/22/2025 Aetna 30(b)(6) Vol. I. Depo. Tr. 61:18-23; 62:17-23; 63:1-2; 65:4-6, 16-20. |
| 11. | There is no name or ID number available on Aetna's produced "data" spreadsheets (AETNA0000001 – 0000009) that identifies who exported the data. | Ex. 3, 12/22/2025 Aetna 30(b)(6) Vol I. Depo. Tr. 67:19-21. |
| 12. | There is no date stamp on Aetna's produced "data" spreadsheets (AETNA0000001 – 0000009) that identifies when the data was pulled. | Ex. 3, 12/22/2025 Aetna 30(b)(6) Vol I. Depo. Tr. 67:23-68:1. |
| 13. | Aetna's produced "data" spreadsheets (AETNA0000001 – 0000009) were generated for purposes of the litigation. | Ex. 3, 12/22/2025 Aetna 30(b)(6) Vol. I. Depo. Tr. 68:8-9, 14-15. |

4

STATEMENT OF UNCONTROVERTED FACTS ISO YOUNG DEFENDANTS' MOT. FOR PARTIAL SUMMARY J.

| 14. | Aetna's produced "data" spreadsheets (AETNA0000001 – 0000009) do not contain all the ACAS data that Aetna maintained for the particular claims. | Ex. 3, 12/22/2025 Aetna 30(b)(6) Vol I. Depo. Tr. 66:14-23 (stating at best it is "pretty comprehensive"). |
|---|---|---|
| 15. | To ascertain which claims in Aetna's produced "data" spreadsheets (AETNA0000001 – 0000009) Aetna paid in reliance on medical records Aetna reviewed, one would need to find an action code to indicate if SIU requested medical records and what reimbursement methodology applied to the claim. Aetna's produced "data" spreadsheets do not include this information. | Ex. 4, 12/22/2025 Aetna 30(b)(6) Vol II. Depo. Tr. 130:2-8; 137:12-25. |
| 16. | Aetna's produced "data" spreadsheets (AETNA0000001 – 0000009) are also selective, in that they do not contain all the Young Defendants' claims that Aetna ever decided or that Aetna denied. | *See* Ex. 3, 12/22/2025 Aetna 30(b)(6) Vol I. Depo. Tr. 66:8-23 (date and provider limited exports possible). |
| 17. | Aetna's produced "data" spreadsheets (AETNA0000001 – 0000009) do not contain all EWMP data that Aetna maintained for a particular claim (e.g. which electronic clearinghouse may have transmitted the claim). | *See* Ex. 3, 12/22/2025 Aetna 30(b)(6) Vol I. Depo. Tr. 54:11-16; *see also* Saei Decl. ¶ 7; Ex. 2 (attaching relevant and redacted excerpt of sample spreadsheet). |
| 18. | Aetna's produced "data" spreadsheets (AETNA0000001 – 0000009) do not reference what standardized claim form, if any, Young Defendants' billers may have used to submit the claim. | *See* Saei Decl. ¶¶ 4-5; Ex. 2 (attaching relevant and redacted excerpt of sample spreadsheet). |

5

STATEMENT OF UNCONTROVERTED FACTS ISO YOUNG DEFENDANTS' MOT. FOR PARTIAL SUMMARY J.

| | | *Heading 3:* *Aetna's Anticipated Resort to PNT Certifications Is Not Adequate to Create a Genuine Dispute of Material Fact Regarding the Alleged Misrepresentations.* | |
|---|---|---|---|
| 19. | Aetna sometimes stores in EWMP which electronic clearinghouse transmitted the claim. | Ex. 3, 12/22/2025 Aetna 30(b)(6) Vol I. Depo. Tr. 54:11-16. |
| 20. | Separate and apart from the claims data spreadsheets, Aetna produced separate ACAS print outs for approximately 3,081 claims. | *See* Saei Decl. ¶ 13. |
| 21. | Aetna produced approximately 3,081 ACAS printouts, and of these, approximately 1,761 mention "SBM NM POST N TRACK." | *See* Saei Decl. ¶ 15. |
| 22. | Aetna's case against Young Defendants involves more than 14,000 discreet claims for reimbursement. The record is thus devoid of discreet ACAS print outs for the vast majority of the 14,000 claims. | *See* Saei Decl. ¶¶ 13-15. |
| 23. | The 1,761 ACAS printouts specifically mentioning "Post N Track" are a minority, amongst the 3,081 ACAS printouts produced. | *See* Saei Decl. ¶ 15. |
| 24. | Post N track or "PNT" refers to a particular electronic claims clearinghouse among many. | Ex. 3, 12/22/2025 Aetna 30(b)(6) Vol I. Depo. Tr. 86:20-23. |
| 25. | Aetna produced a single unsigned and unauthenticated PNT user agreement, which includes a blank, unsigned, space for the authorized provider to sign to accept PNT terms. | *See* Saei Decl. ¶ 9; Ex. 5 (AETNA0073884) (PNT Data Software and Services Agreement). |

6

STATEMENT OF UNCONTROVERTED FACTS ISO YOUNG DEFENDANTS' MOT. FOR PARTIAL SUMMARY J.

COHEN WILLIAMS LLP

| 26. | The record is devoid of a signed PNT user agreement between Young Defendants or any biller for Young Defendants, on the one hand, and PNT, on the other hand. | *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1989) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). |
|---|---|---|
| 27. | The record is devoid of any data transmission agreement between Aetna and any electronic clearinghouse. | *See id.* |
| 28. | The record is devoid of a particular PNT certification or representation presented to Aetna. | *See id.* |
| 29. | Aetna is not aware of a field in its database (EWMP) that records any type of attestation. | Ex. 3, 12/22/2025 Aetna 30(b)(6) Vol I. Depo. Tr. 91:3-7. |
| 30. | The unsigned, blank PNT user agreement does not contain the misrepresentations Aetna alleged in ¶137(i) of the  FAC, i.e. "Every claim submitted to Aetna represented that Defendants: (i) provided the services in compliance with applicable laws, regulations, and procedures." | Ex. 5 (AETNA0073884) (PNT Data Software and Services Agreement). |
| 31. | The unsigned, blank PNT user agreement does not contain the misrepresentations Aetna alleged in ¶137(ii) of the  FAC, i.e. "Every claim submitted to Aetna represented that Defendants: . . . (ii) the services billed were medically necessary and reimbursable." | *Id.* |

STATEMENT OF UNCONTROVERTED FACTS ISO YOUNG DEFENDANTS' MOT. FOR PARTIAL SUMMARY J.

| 32. | The unsigned, blank PNT user agreement does not contain the misrepresentations Aetna alleged in ¶137(ii) of the FAC, i.e. "Every claim submitted to Aetna represented that Defendants: . . . (iii) that the information on the claim forms was true, accurate, and that material facts were not concealed." | *Id.* |
|---|---|---|
| | **Heading 4:** <br> **Aetna's Anticipated Reliance on UB-04 Certifications Is Insufficient to Generate a Genuine Dispute of Material Fact Regarding the Misrepresentations.** | |
| 33. | The record contains just eight UB-04 "notices" attached to correspondence between Young Defendants' biller and Aetna's SIU. | *See* Saei Decl. ¶ 10. |
| 34. | The UB-04 form contains no field for providers or billers to complete relating to kickbacks or patient referral practices. | Ex. 6 (sample UB-04 form downloaded from CMS website). |
| 35. | The UB-04 form contains no representation that Young Defendants "provided the services in compliance with applicable laws, regulations, procedures" (as Aetna alleges in FAC ¶137(i)). | *Id.* |
| 36. | The UB-04 form contains no representation "the services billed were medically necessary and reimbursable" (as Aetna alleges in FAC ¶137(ii)). | *Id.* |
| 37. | The UB-04 form reverse states: "Submission of this claim constitutes certification that the billing information as shown on the face hereof is true, accurate, and complete. That the submitter did not knowingly or recklessly disregard or misrepresent or conceal material facts." | *Id.* |

COHEN WILLIAMS LLP

STATEMENT OF UNCONTROVERTED FACTS ISO YOUNG DEFENDANTS' MOT. FOR PARTIAL SUMMARY J.

| | | |
|---|---|---|
| 38. | Other than the above referenced (SUF #33), eight examples, the record is devoid of evidence of a UB-04 notice or certification for claims submitted to Aetna. | *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1989) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). |
| 39. | There is no evidence in the record that the UB-04 form may be transmitted with additional information or attachments. | *See id.* |
| 40. | Aetna's document production does not include evidence of any claim submitted by or on behalf of Young Defendants using the CMS 1500 form. | *See* Saei Decl. ¶ 16; *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1989) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). |
| | **Heading 5:** *Aetna Did Not Actually Rely on the Particular Misrepresentations It Alleges in ¶137(i)-(iii) of the FAC.* | |
| 41. | Aetna's corporate representative on claims processing and reliance testified Aetna relied not on any particular certification or misrepresentation provided with each claim but on a general "veil of trust" that simply "exists" for "all providers." | Ex. 3, 12/22/2025 Aetna 30(b)(6) Vol I. Depo. 113:24-114:2 114:15-16. |

COHEN WILLIAMS LLP

9

| 42. | Aetna's corporate representative on claims processing and reliance could not testify whether Young Defendants certified truth and accuracy in this case, and testified instead "everything that is submitted to Aetna . . . *should* be true and accurate" and "all I can say is that there's a level of trust here." | *Id.*, 83:12-19; 84:2-20. |
|---|---|---|
| 43. | Aetna simply "trusts that the clearinghouses [Aetna] do[es] business with will perform their duties under the law and ensure that the attestation is completed" but cannot state if the attestations were in fact completed in this case. | *Id.*, 86:4-10. |
| 44. | When pressed to identify a particular misrepresentation in Row 2 of Aetna's produced "data" spreadsheet (AETNA0000001) Helping Hands—and after being provided weeks of notice that this was a particular claim for reimbursement that counsel would inquire about at deposition— Aetna's corporate representative on claims data and reliance could not identify something "specific to any one claim" that was not accurate. | *Id.*, 95:2-8; 96:24-97:12. |
| 45. | ***Heading 6:*** ***Aetna Lacks Authorization to Bring this Lawsuit to Recover Claims Paid by Self-Insured Employer Sponsored Plans that Aetna Merely Administers.*** | |
| 46. | According to Aetna's produced "data" spreadsheets (AETNA0000001 – 0000009), there are approximately 50 different plan sponsors with self-insured (employer sponsored) plans that Aetna administers, and which paid claims to Young Defendants. | *See* Saei Decl. ¶ 12; Ex. 2 (attaching relevant and redacted excerpt of sample spreadsheet). |

COHEN WILLIAMS LLP

STATEMENT OF UNCONTROVERTED FACTS ISO YOUNG DEFENDANTS' MOT. FOR PARTIAL SUMMARY J.

| 47. | Several claims in this case were paid under an **Amazon and Subsidiaries** self-funded plan. | *Id.* |
|---|---|---|
| 48. | The Amazon master services agreement ("MSA") Aetna produced provides that "Aetna is empowered to act on behalf of Amazon in connection with the Plan only to the extent expressly stated in this Agreement, the Statements of Work or as agreed to in writing by Purchaser [Amazon] and Supplier [Aetna]." | Ex. 7, ¶ 5 (AETNA0024735). |
| 49. | The Amazon MSA does not expressly authorize the commencement of litigation by Aetna as an authorized means for recovery of alleged overpayments payments. | *Id.,* ¶ 8 (e.g., provision on overpayments). |
| 50. | The record is devoid of written communication from Amazon authorizing Aetna to commence this litigation against Young Defendants. | *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1989) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). |
| 51. | Several claims in this case were paid under a **Commonwealth of Virginia** self-funded plan. | *See* Saei Decl. ¶ 12; Ex. 2 (attaching relevant and redacted excerpt of sample spreadsheet). |

11

| 52. | The record is devoid of an agreement authorizing Aetna to litigate against Young Defendants on behalf of the Commonwealth of Virgia or its plan. | *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1989) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). |
|---|---|---|
| 53. | Several claims in this case were paid under a **Citigroup** self-funded plan. | *See* Saei Decl. ¶ 12; Ex. 2 (attaching relevant and redacted excerpt of sample spreadsheet). |
| 54. | The Citigroup ASA Aetna produced provides that Aetna may use commercially reasonable attempts to recover overpayments, and it does not expressly authorize the commencement of litigation by Aetna. | Ex. 8, ¶ 6.8(3) (AETNA0074463 – Citigroup). |
| 55. | The Citigroup ASA provides that in the event of detection of fraudulent claim patterns, Aetna shall notify Citigroup regarding the *proposed* corrective actions and furnish copies of all relevant correspondence and documents relate to such abuse and/or fraud. | *Id.,* ¶ 6.9. |
| 56. | The record is devoid of any notice provided by Aetna to Citigroup regarding fraudulent claim patterns by Young Defendants. | *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1989) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). |

STATEMENT OF UNCONTROVERTED FACTS ISO YOUNG DEFENDANTS' MOT. FOR PARTIAL SUMMARY J.

| 57. | The record is devoid of an agreement authorizing Aetna to litigate against Young Defendants on behalf of Citigroup or the Citigroup plan. | *See id.* |
|---|---|---|
| 58. | Several claims in this case were paid under a **Boehringer Ingelheim Corporation** self-funded plan. | *See* Saei Decl. ¶ 12; Ex. 2 (attaching relevant and redacted excerpt of sample spreadsheet). |
| 59. | The Boehringer ASA Aetna provided explains "Aetna is empowered to act on behalf of [Boehringer] in connection with the Plan only to the extent expressly stated in the Services Agreement or as agreed to in writing by Aetna and [Boehringer]." | Ex. 9, ¶ 9 (AETNA0050650). |
| 60. | The Boehringer ASA states Aetna shall "undertake good faith efforts" to recover erroneous payment, which is defined as "contact[ing] the responsible party twice via letter, phone, email or other means to try to make recovery[,]" and only "[i]f those efforts are unsuccessful" may Aetna "use an outside vendor, collection agency, or attorney to pursue recovery."  "Aetna has no other obligation with respect to the recovery of overpayments." | *Id.,* ¶ 12. |
| 61. | With respect to the Boehringer claims, the record is devoid of the required two attempts at contact by letter, phone, or email with the "responsible party" to make the recovery prior to resort to other methods. | *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1989) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). |

STATEMENT OF UNCONTROVERTED FACTS ISO YOUNG DEFENDANTS' MOT. FOR PARTIAL SUMMARY J.

| 62. | The Boehringer ASA further specifies that overpayment recovery attempts, to be contractually authorized, "must be determined by *direct proof of specific claims*" and "may not be determined by (a) indirect or inferential methods of proof, such as statistical sampling, extrapolation of error rate to the population, etc. . . ." | Ex. 9, ¶ 12 (AETNA0050650). |
|---|---|---|
| 63. | The record is devoid of *direct proof of the specific* claims to Boehringer being fraudulent, and Aetna relies instead only on impermissible indirect and inferential methods of proof. | *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1989) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). |
| 64. | The record is devoid of express authorization from Boehringer for Aetna to commence litigation against Young Defendants. | *See id.* |
| 65. | Several claims in this case were paid under a **Bristol Myers Squibb** self-funded plan. | *See* Saei Decl. ¶ 12; Ex. 2 (attaching relevant and redacted excerpt of sample spreadsheet). |
| 66. | The Bristol Myers ASA Aetna provided is not signed by Bristol Myers. | Ex. 10, at 2 (AETNA0084000). |
| 67. | The Bristol Myers ASA Aetna provided explains "Aetna is empowered to act on behalf of [Bristol Myers] in connection with the Plan only to the extent expressly stated in the Services Agreement or as agreed to in writing by Aetna and [Bristol Myers]." | *Id.,* ¶ 9. |

STATEMENT OF UNCONTROVERTED FACTS ISO YOUNG DEFENDANTS' MOT. FOR PARTIAL SUMMARY J.

| 68. | The Bristol Myers ASA states "Aetna shall undertake good faith efforts" to recover erroneous payment, which is defined as "contact[ing] the responsible party twice via letter, phone, email or other means to try to make recovery[,]" and only "[i]f those efforts are unsuccessful" may Aetna use "an outside vendor, collection agency, or attorney to pursue recovery."  "Aetna has no other obligation with respect to the recovery of overpayments." | *Id.,* ¶ 12. |
|---|---|---|
| 69. | With respect to the Bristol Myer claims, the record is devoid of the required two attempts at contact by letter, phone, or email with the "responsible party," prior to resorting to other collection methods for recovery. | *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1989) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). |
| 70. | The Bristol Myers ASA further specifies that overpayment recovery attempts, to be contractually authorized, "must be determined by direct proof of specific claims" and "may not be determined by (a) indirect or inferential methods of proof, such as statistical sampling, extrapolation of error rate to the population, etc. . . .'" | Ex. 10, ¶ 12. |
| 71. | The record is devoid of direct proof of the specific claims to Bristol Myers being fraudulent, and Aetna relies instead only on impermissible indirect and inferential methods of proof. | *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1989) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). |

STATEMENT OF UNCONTROVERTED FACTS ISO YOUNG DEFENDANTS' MOT. FOR PARTIAL SUMMARY J.

| 72. | The record is devoid of express authorization from Bristol Myers for Aetna to commence litigation against Young Defendants. | *See id.* |
|---|---|---|
| 73. | Several claims in this case were paid under a **Penske Truck** self-funded plan. | *See* Saei Decl. ¶ 12; Ex. 2 (attaching relevant and redacted excerpt of sample spreadsheet). |
| 74. | The Penske MSA Aetna provided is not signed by Penske. | Ex. 11, at 4 (AETNA0025615). |
| 75. | The Penske ASA Aetna provided explains "Aetna is empowered to act on behalf of [Penske] in connection with the Plan only to the extent expressly stated in the Services Agreement or as agreed to in writing by Aetna and [Penske]." | *Id.,* ¶ 5. |
| 76. | The Penske ASA states "Aetna shall undertake good faith efforts" to recover erroneous payment, which is defined as "outreach to the responsible party twice via letter, phone, email or other means to try to make recovery," and only "[i]f those efforts are unsuccessful in obtaining recovery" may Aetna "use an outside vendor, collection agency, or attorney to pursue recovery[.]" "Aetna has no other obligation with respect to the recovery of overpayments." | *Id.,* ¶ 13. |
| 77. | With respect to the Penske claims, the record is devoid of the required two attempts at contact by letter, phone, or email with the "responsible party," prior to attempting other methods of recovery. | *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1989) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). |

COHEN WILLIAMS LLP

STATEMENT OF UNCONTROVERTED FACTS ISO YOUNG DEFENDANTS' MOT. FOR PARTIAL SUMMARY J.

| 78. | The Penske ASA further specifies that overpayment recovery attempts, to be contractually authorized, "must be determined by direct proof of specific claims. Indirect or inferential methods of proof . . . may not be sued to determine overpayments." | Ex. 11, ¶13. (AETNA0025615). |
|---|---|---|
| 79. | The record is devoid of *direct proof of the specific* claims to Penske being fraudulent, and Aetna relies instead only on impermissible indirect and inferential methods of proof. | *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1989) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). |
| 80. | The record is devoid of express authorization from Penske for Aetna to commence litigation against Young Defendants. | *See id.* |
| 81. | Several claims in this case were paid under a **Tesla, Inc.** self-funded plan. | *See* Saei Decl. ¶ 12; Ex. 2 (attaching relevant and redacted excerpt of sample spreadsheet). |
| 82. | The Tesla MSA Aetna provided explains Aetna "is empowered to act on behalf of Tesla in connection with the Plan only to the extent expressly stated in this Agreement or as agreed to in writing by [Aetna] and Tesla." | Ex. 12, ¶14.13 (AETNA0052653). |
| 83. | The Tesla MSA states Aetna shall "reprocess any identified errors" in plan payments and "seek to recover any resulting overpayment by attempting to contact the party receiving the overpayment twice by letter, phone, or email." | *Id.*, ¶14.14 |

17

STATEMENT OF UNCONTROVERTED FACTS ISO YOUNG DEFENDANTS' MOT. FOR PARTIAL SUMMARY J.

| 84. | With respect to the Tesla claims, the record is devoid of the required two attempts at contact by letter, phone, or email to the "party receiving the overpayment," as required. | *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1989) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). |
|---|---|---|
| 85. | The Tesla ASA further specifies that any such overpayment recovery attempts, to be contractually permitted, "must be based upon documented findings or direct proof of specific claims, agreed to by both parties, and must be due to [Aetna's] actions or inactions. Indirect or inferential methods of proof . . . may not be used to determine overpayments." | Ex. 12, ¶14.14 (AETNA0052653). |
| 86. | The record is devoid of *direct proof of the specific* claims agreed to by both parties to the ASA, and regarding specific claims to Tesla being fraudulent.  Aetna relies instead only on impermissible indirect and inferential methods of proof. | *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1989) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). |
| 87. | The record is devoid of express authorization from Tesla for Aetna to commence litigation against Young Defendants. | *See id.* |
| 88. | Several claims in this case were paid under a **Nuvasive, Inc.** self-funded plan. | *See* Saei Decl. ¶ 12; Ex. 2 (attaching relevant and redacted excerpt of sample spreadsheet). |
| 89. | The Nuvasive MSA Aetna provided is not signed by Nuvasive. | Ex. 13, at 12 (AETNA0052413). |

STATEMENT OF UNCONTROVERTED FACTS ISO YOUNG DEFENDANTS' MOT. FOR PARTIAL SUMMARY J.

| 90. | The Nuvasive MSA Aetna provided explains "Aetna is empowered to act on behalf of [Nuvasive] in connection with the Plan only to the extent expressly stated in the Services Agreement or as agreed to in writing by Aetna and [Nuvasive]." | *Id.,* ¶6. |
|---|---|---|
| 91. | The Nuvasive MSA states "Aetna shall reprocess any identified errors" in benefit payments and "seek to recovery an resulting overpayment by attempting to contact the party receiving the overpayment twice by letter, phone, or email." | *Id.,* ¶11. |
| 92. | With respect to the Nuvasive claims, the record is devoid of the required two attempts at contact by letter, phone, or email with the "party receiving the overpayment," prior to resorting to other collection methods for recovery. | *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1989) (regarding failure of proof) |
| 93. | The Nuvasive MSA further specifies that overpayment recovery attempts, to be contractually authorized, "must be based upon documented findings or direct proof of specific claims, agreed to by both parties, and must be due to Aetna's actions or inactions. Indirect or inferential methods of proof . . . may not be used to determine overpayments." | Ex. 13, ¶11. (AETNA0052413) |
| 94. | The record is devoid of *direct proof of the specific* claims to Nuvasive being fraudulent, and Aetna relies instead only on impermissible indirect and inferential methods of proof. | *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1989) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). |

STATEMENT OF UNCONTROVERTED FACTS ISO YOUNG DEFENDANTS' MOT. FOR PARTIAL SUMMARY J.

| 95. | The record is devoid of express authorization from Nuvasive for Aetna to commence litigation against Young Defendants. | *See id.* |
|---|---|---|
| 96. | Several claims in this case were paid under a **Mondelez International** self-funded plan. | *See* Saei Decl. ¶ 12; Ex. 2 (attaching relevant and redacted excerpt of sample spreadsheet). |
| 97. | The record is devoid of an agreement authorizing Aetna to litigate against Young Defendants on behalf of Mondelez International or its plan. | *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1989) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). |
| 98. | Several claims in this case were paid under a **Children's Healthcare of Atlanta, Inc.** self-funded plan. | *See* Saei Decl. ¶ 12; Ex. 2 (attaching relevant and redacted excerpt of sample spreadsheet). |
| 99. | The record is devoid of an agreement authorizing Aetna to litigate against Young Defendants on behalf of Children's Healthcare of Atlanta, Inc. or its plan. | *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1989) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). |
| 100. | Several claims in this case were paid under a **Delaware Valley Health Trust** self-funded plan. | *See* Saei Decl. ¶ 12; Ex. 2 (attaching relevant and redacted excerpt of sample spreadsheet). |

STATEMENT OF UNCONTROVERTED FACTS ISO YOUNG DEFENDANTS' MOT. FOR PARTIAL SUMMARY J.

| 101. | The record is devoid of an agreement authorizing Aetna to litigate against Young Defendants on behalf of Delaware Valley Health Trust or its plan. | *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1989) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). |
|------|-----------------------------------------------------------------------------------------------------------------------------------------------------|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| 102. | Several claims in this case were paid under a **Change Healthcare Operations, LLC** self-funded plan. | *See* Saei Decl. ¶ 12; Ex. 2 (attaching relevant and redacted excerpt of sample spreadsheet). |
| 103. | The record is devoid of an agreement authorizing Aetna to litigate against Young Defendants on behalf of Change Healthcare or its plan. | *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1989) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). |
| 104. | Several claims in this case were paid under a **CVS Pharmacy** self-funded plan. | *See* Saei Decl. ¶ 12; Ex. 2 (attaching relevant and redacted excerpt of sample spreadsheet). |
| 105. | The CVS Pharmacy MSA Aetna provided explains "Aetna is empowered to act on behalf of [CVS Pharmacy] in connection with the Plan only to the extent expressly stated in this Agreement or as agreed to in writing by Aetna and [CVS Pharmacy]." | Ex. 14, ¶ 6 (AETNA0079195). |

STATEMENT OF UNCONTROVERTED FACTS ISO YOUNG DEFENDANTS' MOT. FOR PARTIAL SUMMARY J.

| | | |
|---|---|---|
| 106. | The CVS Pharmacy MSA states Aetna shall "reprocess any identified errors" in plan payments and "seek to recover any resulting overpayment by attempting to contact the party receiving the overpayment twice by letter, phone, or email." | *Id.* ¶ 11. |
| 107. | With respect to the CVS Pharmacy claims, the record is devoid of the required two attempts at contact by letter, phone, or email with the "party receiving the overpayment," prior to resorting to other collection methods for recovery. | *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1989) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). |
| 108. | The CVS MSA further specifies that overpayment recovery attempts, to be contractually authorized, "must be based upon documented findings or direct proof of specific claims, agreed to by both parties, and must be due to Aetna's actions or inactions. Indirect or inferential methods of proof . . . may not be used to determine overpayments." | Ex. 14, ¶ 11 (AETNA0079195). |
| 109. | The record is devoid of *direct proof of the specific* claims to CVS being fraudulent, and Aetna relies instead only on impermissible indirect and inferential methods of proof. | *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1989) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). |
| 110. | The record is devoid of express authorization from CVS for Aetna to commence litigation against Young Defendants. | *See id.* |

22

STATEMENT OF UNCONTROVERTED FACTS ISO YOUNG DEFENDANTS' MOT. FOR PARTIAL SUMMARY J.

| 111. | Several claims in this case were paid under a **Hussmann Corporation** self-funded plan. | *See* Saei Decl. ¶ 12; Ex. 2 (attaching relevant and redacted excerpt of sample spreadsheet). |
|---|---|---|
| 112. | The record is devoid of an agreement authorizing Aetna to litigate against Young Defendants on behalf of Hussmann Corporation or its plan. | *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1989) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). |
| 113. | Several claims in this case were paid under a **United Parcel Service of America, Inc.** self-funded plan. | *See* Saei Decl. ¶ 12; Ex. 2 (attaching relevant and redacted excerpt of sample spreadsheet). |
| 114. | The record is devoid of an agreement authorizing Aetna to litigate against Young Defendants on behalf of United Parcel Service or its plan. | *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1989) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). |
| 115. | Several claims in this case were paid under a **Zions Bancorporation** self-funded plan. | *See* Saei Decl. ¶ 12; Ex. 2 (attaching relevant and redacted excerpt of sample spreadsheet). |
| 116. | The Zions ASA Aetna provided is not signed by Zions. | Ex. 15, at 2 (AETNA0053068). |

COHEN WILLIAMS LLP

STATEMENT OF UNCONTROVERTED FACTS ISO YOUNG DEFENDANTS' MOT. FOR PARTIAL SUMMARY J.

| 117. | The Zions ASA states "Aetna shall undertake good faith efforts, as determined by Aetna to be appropriate, to recover the payment. Overpayments must be determined by direct proof of specific claims. Indirect or inferential methods of proof . . . may not be used to determine overpayments." | *Id.,* ¶ 9. |
|---|---|---|
| 118. | The record is devoid of *direct proof of the specific* claims to Zions being fraudulent, and Aetna relies instead only on impermissible indirect and inferential methods of proof. | *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1989) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). |
| 119. | The record is devoid of express authorization from Zions for Aetna to commence litigation against Young Defendants. | *See id.* |
| 120. | Several claims in this case were paid under a **Jefferson Health Northeast** self-funded plan. | *See* Saei Decl. ¶ 12; Ex. 2 (attaching relevant and redacted excerpt of sample spreadsheet). |
| 121. | The record is devoid of an agreement authorizing Aetna to litigate against Young Defendants on behalf of Jefferson Health Northeast or its plan. | *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1989) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). |

STATEMENT OF UNCONTROVERTED FACTS ISO YOUNG DEFENDANTS' MOT. FOR PARTIAL SUMMARY J.

| | | |
|---|---|---|
| 122. | Several claims in this case were paid under a **Sage Software, Inc.** self-funded plan. | *See* Saei Decl. ¶ 12; Ex. 2 (attaching relevant and redacted excerpt of sample spreadsheet). |
| 123. | The Sage MSA Aetna provided is not signed by Sage. | Ex. 16, at 4 (AETNA0052653). |
| 124. | The Sage MSA Aetna provided explains "Aetna is empowered to act on behalf of [Sage] in connection with the Plan only to the extent expressly stated in the Services Agreement or as agreed to in writing by Aetna and [Sage]." | *Id.* ¶ 6. |
| 125. | The Sage MSA states Aetna shall "reprocess any identified errors" in plan payments and "seek to recover any resulting overpayment by attempting to contact the party receiving the overpayment twice by letter, phone, or email." | *Id.* ¶ 11. |
| 126. | With respect to the Sage claims, the record is devoid of the required two attempts at contact by letter, phone, or email with the "party receiving the overpayment," prior to resorting to other collection methods for recovery. | *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1989) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). |
| 127. | The Sage MSA further specifies that overpayment recovery attempts, to be contractually authorized, "must be based upon documented findings or direct proof of specific claims, agreed to by both parties, and must be due to Aetna's actions or inactions. Indirect or inferential methods of proof . . . may not be used to determine overpayments." | Ex. 16, at ¶ 11 (AETNA0052653). |

25

STATEMENT OF UNCONTROVERTED FACTS ISO YOUNG DEFENDANTS' MOT. FOR PARTIAL SUMMARY J.

| 128. | The record is devoid of *direct proof of the specific* claims to Sage being fraudulent, and Aetna relies instead only on impermissible indirect and inferential methods of proof. | *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1989) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). |
|---|---|---|
| 129. | The record is devoid of express authorization from Sage for Aetna to commence litigation against Young Defendants. | *See id.* |
| 130. | Several claims in this case were paid under a **Carpenters Health and Security Trust** self-funded plan. | *See* Saei Decl. ¶ 12; Ex. 2 (attaching relevant and redacted excerpt of sample spreadsheet). |
| 131. | The record is devoid of an agreement authorizing Aetna to litigate against Young Defendants on behalf of Carpenters or its plan. | *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1989) (regarding failure of proof) |
| 132. | Several claims in this case were paid under a **McKesson Corporation** self-funded plan. | *See* Saei Decl. ¶ 12; Ex. 2 (attaching relevant and redacted excerpt of sample spreadsheet). |
| 133. | The McKesson MSA Aetna provided states "Aetna shall undertake good faith efforts" to recover erroneous payment, which is defined as "outreach to the responsible Party via letter, phone, email or other means to attempt to recover the payment at issue[,]" and only "[i]f those efforts are unsuccessful" may Aetna use "an outside vendor, collection agency, or attorney to pursue recovery." "Aetna has no other obligation with respect to the recovery of overpayments." | Ex. 17, ¶ 13 (AETNA0085177). |

26

STATEMENT OF UNCONTROVERTED FACTS ISO YOUNG DEFENDANTS' MOT. FOR PARTIAL SUMMARY J.

| 134. | With respect to the McKesson claims, the record is devoid of the required attempts at contact by letter, phone, or email or other means. | *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1989) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). |
| --- | --- | --- |
| 135. | The McKesson MSA further specifies that overpayment recovery attempts, to be contractually authorized, "must be determined by direct proof of specific claims" and "[i]ndirect or inferential methods of proof . . . may not be used to determine overpayments." | Ex. 17, ¶ 13 (AETNA0085177). |
| 136. | The record is devoid of *direct proof of the specific* claims to McKesson being fraudulent, and Aetna relies instead only on impermissible indirect and inferential methods of proof. | *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1989) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). |
| 137. | The record is devoid of express authorization from McKesson for Aetna to commence litigation against Young Defendants. | *See id.* |
| 138. | Several claims in this case were paid under a **Mason Tenders' District Council Welfare** self-funded plan. | *See* Saei Decl. ¶ 12; Ex. 2 (attaching relevant and redacted excerpt of sample spreadsheet). |

COHEN **WILLIAMS** LLP

STATEMENT OF UNCONTROVERTED FACTS ISO YOUNG DEFENDANTS' MOT. FOR PARTIAL SUMMARY J.

| 139. | The record is devoid of an agreement authorizing Aetna to litigate against Young Defendants on behalf Mason Tenders or its plan. | *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1989) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). |
|---|---|---|
| 140. | Several claims in this case were paid under a **Wellstar Spalding Regional Hospital** self-funded plan. | *See* Saei Decl. ¶ 12; Ex. 2 (attaching relevant and redacted excerpt of sample spreadsheet). |
| 141. | The record is devoid of an agreement authorizing Aetna to litigate against Young Defendants on behalf of Wellstar Spalding Regional Hospital or its plan. | *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1989) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). |
| 142. | Several claims in this case were paid under a **United Airlines** self-funded plan. | *See* Saei Decl. ¶ 12; Ex. 2 (attaching relevant and redacted excerpt of sample spreadsheet). |
| 143. | The record is devoid of an agreement authorizing Aetna to litigate against Young Defendants on behalf of United Airlines or its plan. | *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1989) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). |

COHEN WILLIAMS LLP

STATEMENT OF UNCONTROVERTED FACTS ISO YOUNG DEFENDANTS' MOT. FOR PARTIAL SUMMARY J.

| 144. | Several claims in this case were paid under a **Johnson & Johnson** self-funded plan. | *See* Saei Decl. ¶ 12; Ex. 2 (attaching relevant and redacted excerpt of sample spreadsheet). |
|---|---|---|
| 145. | The Johnson & Johnson MSA states "Aetna shall undertake good faith efforts" to recover erroneous payment, which is defined as "outreach to the responsible party twice via letter, phone, email or other means to attempt to recover the payment at issue[,]" and only "[i]f those efforts are unsuccessful" may Aetna use "an outside vendor, collection agency, or attorney to pursue recovery[.]" "Aetna has no other obligation with respect to the recovery of overpayments." | Ex. 18, ¶ 13 (AETNA0050899). |
| 146. | With respect to the Johnson & Johnson claims, the record is devoid of the required two attempts at contact by letter, phone, or email with the "responsible party," prior to resorting to other collection methods for recovery. | *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1989) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). |
| 147. | The Johnson & Johnson MSA further specifies that overpayment recovery attempts, to be contractually authorized, "must be determined by *direct proof of specific claims*" and "[i]ndirect or inferential methods of proof . . . may not be used to determine overpayments." | Ex. 18, ¶ 13 (AETNA0050899). |

STATEMENT OF UNCONTROVERTED FACTS ISO YOUNG DEFENDANTS' MOT. FOR PARTIAL SUMMARY J.

| 148. | The record is devoid of *direct proof of the specific* claims to Johnson & Johnson being fraudulent, and Aetna relies instead only on impermissible indirect and inferential methods of proof. | *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1989) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). |
|---|---|---|
| 149. | The record is devoid of express authorization from Johnson & Johnson for Aetna to commence litigation against Young Defendants. | *See id.* |
| 150. | Several claims in this case were paid under a **Home Depot USA, Inc.** self-funded plan. | *See* Saei Decl. ¶ 12; Ex. 2 (attaching relevant and redacted excerpt of sample spreadsheet). |
| 151. | The Home Depot MSA Aetna provided explains "Aetna is empowered to act on behalf of Home Depot in connection with the Plan only to the extent expressly stated in the Master Agreement or as agreed to in writing by Aetna and Home Depot." | Ex. 19, ¶20.19 (AETNA0050765). |
| 152. | The record is devoid of express authorization from Home Depot for Aetna to commence litigation against Young Defendants. | *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1989) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). |

30

STATEMENT OF UNCONTROVERTED FACTS ISO YOUNG DEFENDANTS' MOT. FOR PARTIAL SUMMARY J.

| 153. | Several claims in this case were paid under a **Panasonic Corporation of North America** self-funded plan. | *See* Saei Decl. ¶ 12; Ex. 2 (attaching relevant and redacted excerpt of sample spreadsheet). |
|---|---|---|
| 154. | The record is devoid of an agreement authorizing Aetna to litigate against Young Defendants on behalf of Panasonic. | *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1989) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). |
| 155. | Several claims in this case were paid under a **AXA Medical Mutual of Ohio** self-funded plan. | *See* Saei Decl. ¶ 12; Ex. 2 (attaching relevant and redacted excerpt of sample spreadsheet). |
| 156. | The record is devoid of an agreement authorizing Aetna to litigate against Young Defendants on behalf of AXA Medical. | *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1989) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). |
| 157. | Several claims in this case were paid under a **Bose Corporation** self-funded plan. | *See* Saei Decl. ¶ 12; Ex. 2 (attaching relevant and redacted excerpt of sample spreadsheet). |

COHEN WILLIAMS LLP

31

| 158. | The record is devoid of an agreement authorizing Aetna to litigate against Young Defendants on behalf of Bose. | *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1989) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). |
| --- | --- | --- |
| 159. | Several claims in this case were paid under a **Pennsylvania State University** self-funded plan. | *See* Saei Decl. ¶ 12; Ex. 2 (attaching relevant and redacted excerpt of sample spreadsheet). |
| 160. | The record is devoid of an agreement authorizing Aetna to litigate against Young Defendants on behalf of Pennsylvania State University. | *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1989) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). |
| 161. | Several claims in this case were paid under a **Amenal Pharmaceuticals, LLC** self-funded plan. | *See* Saei Decl. ¶ 12; Ex. 2 (attaching relevant and redacted excerpt of sample spreadsheet). |
| 162. | The record is devoid of an agreement authorizing Aetna to litigate against Young Defendants on behalf of Amneal Pharmaceuticals. | *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1989) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). |

32

STATEMENT OF UNCONTROVERTED FACTS ISO YOUNG DEFENDANTS' MOT. FOR PARTIAL SUMMARY J.

| 163. | Several claims in this case were paid under a **Brightview Landscapes, LLP** self-funded plan. | *See* Saei Decl. ¶ 12; Ex. 2 (attaching relevant and redacted excerpt of sample spreadsheet). |
|------|------|------|
| 164. | The record is devoid of an agreement authorizing Aetna to litigate against Young Defendants on behalf of Brightview Landscapes. | *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1989) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). |
| 165. | Several claims in this case were paid under a **United Services Automobile Association** self-funded plan. | *See* Saei Decl. ¶ 12; Ex. 2 (attaching relevant and redacted excerpt of sample spreadsheet). |
| 166. | The record is devoid of an agreement authorizing Aetna to litigate against Young Defendants on behalf of United Services Automobile. | *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1989) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). |
| 167. | Several claims in this case were paid under a **Goldman Sachs & Co. LLC** self-funded plan. | *See* Saei Decl. ¶ 12; Ex. 2 (attaching relevant and redacted excerpt of sample spreadsheet). |

COHEN WILLIAMS LLP

STATEMENT OF UNCONTROVERTED FACTS ISO YOUNG DEFENDANTS' MOT. FOR PARTIAL SUMMARY J.

| 168. | The record is devoid of an agreement authorizing Aetna to litigate against Young Defendants on behalf of Goldman Sachs. | *See* Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1989) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). |
|---|---|---|
| 169. | Several claims in this case were paid under an **Applied Medical Resources Corporation** self-funded plan. | *See* Saei Decl. ¶ 12; Ex. 2 (attaching relevant and redacted excerpt of sample spreadsheet). |
| 170. | The Applied Medical MSA Aetna provided explains "Aetna is empowered to act on behalf of [Applied Medical] in connection with the Plan only to the extent expressly stated in the Services Agreement or as agreed to in writing by Aetna and [Applied Medical]." | Ex. 20, ¶ 6 (AETNA0050209). |
| 171. | The Applied Medical MSA states Aetna shall "reprocess any identified errors in Plan benefit payments . . .and seek to recover any resulting overpayment by attempting to contact the party receiving the overpayment twice by letter, phone, or email." | *Id.,* ¶ 11. |
| 172. | With respect to the Applied Medical claims, the record is devoid of the required two attempts at contact by letter, phone, or email with the "responsible party," prior to resorting to other collection methods for recovery. | *See* Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1989) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). |

COHEN WILLIAMS LLP

34

| 173. | The Applied Medical MSA further specifies that overpayment recovery attempts, to be contractually authorized, "must be based upon documented findings or direct proof of specific claims, agreed to by both parties, and must be due to Aetna's actions or inactions. Indirect or inferential methods of proof . . . may not be used to determine overpayments." | Ex. 20, ¶ 11. |
|---|---|---|
| 174. | The record is devoid of *direct proof of the specific* claims to Applied Medical being fraudulent, and Aetna relies instead only on impermissible indirect and inferential methods of proof. | *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1989) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). |
| 175. | The record is devoid of express authorization from Applied Medical for Aetna to commence litigation against Young Defendants. | *See id.* |
| 176. | Several claims in this case were paid under an **Carvana** self-funded plan. | *See* Saei Decl. ¶ 12; Ex. 2 (attaching relevant and redacted excerpt of sample spreadsheet). |
| 177. | The Carvana MSA Aetna provided explains "Aetna is empowered to act on behalf of [Carvana] in connection with the Plan only to the extent expressly stated in the Services Agreement or as agreed to in writing by Aetna and [Carvana]." | Ex. 21, ¶ 6 (AETNA0074268). |

STATEMENT OF UNCONTROVERTED FACTS ISO YOUNG DEFENDANTS' MOT. FOR PARTIAL SUMMARY J.

| 178. | The Carvana MSA states Aetna shall "reprocess any identified errors in Plan benefit payments . . . and seek to recover any resulting overpayment by attempting to contact the party receiving the overpayment twice by letter, phone, or email." | *Id.,* ¶ 11. |
|---|---|---|
| 179. | With respect to the Carvana claims, the record is devoid of the required two attempts at contact by letter, phone, or email with the "responsible party," prior to resorting to other collection methods for recovery. | *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1989) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). |
| 180. | The Carvana MSA further specifies that overpayment recovery attempts, to be contractually authorized, "must be based upon documented findings or direct proof of specific claims, agreed to by both parties, and must be due to Aetna's actions or inactions. Indirect or inferential methods of proof . . . may not be used to determine overpayments." | Ex. 21, ¶11 (AETNA0050209). |
| 181. | The record is devoid of *direct proof of the specific* claims to Carvana being fraudulent, and Aetna relies instead only on impermissible indirect and inferential methods of proof. | *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1989) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). |
| 182. | The record is devoid of express authorization from Carvana for Aetna to commence litigation against Young Defendants. | *See id.* |

STATEMENT OF UNCONTROVERTED FACTS ISO YOUNG DEFENDANTS' MOT. FOR PARTIAL SUMMARY J.

| 183. | Several claims in this case were paid under a **Brookhaven Science Associates, LLC** self-funded plan. | *See* Saei Decl. ¶ 12; Ex. 2 (attaching relevant and redacted excerpt of sample spreadsheet). |
|---|---|---|
| 184. | The record is devoid of an agreement authorizing Aetna to litigate against Young Defendants on behalf of Brookhaven Science Associates or its plan. | *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1989) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). |
| 185. | Several claims in this case were paid under a **Omnicell, Inc.** self-funded plan. | *See* Saei Decl. ¶ 12; Ex. 2 (attaching relevant and redacted excerpt of sample spreadsheet). |
| 186. | The record is devoid of an agreement authorizing Aetna to litigate against Young Defendants on behalf of Omnicell or its plan. | *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1989) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). |
| 187. | Several claims in this case were paid under a **Holman Automotive Group, Inc.** self-funded plan. | *See* Saei Decl. ¶ 12; Ex. 2 (attaching relevant and redacted excerpt of sample spreadsheet). |

COHEN WILLIAMS LLP

37

STATEMENT OF UNCONTROVERTED FACTS ISO YOUNG DEFENDANTS' MOT. FOR PARTIAL SUMMARY J.

| 188. | The record is devoid of an agreement authorizing Aetna to litigate against Young Defendants on behalf of Holman Automotive or its plan. | *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1989) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). |
|------|------|------|
| 189. | Several claims in this case were paid under a **B.Braun Medical Inc.** self-funded plan. | *See* Saei Decl. ¶ 12; Ex. 2 (attaching relevant and redacted excerpt of sample spreadsheet). |
| 190. | The record is devoid of an agreement authorizing Aetna to litigate against Young Defendants on behalf of B.Braun Medical or its plan. | *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1989) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). |
| 191. | Several claims in this case were paid under a **Incyte Corporation** self-funded plan. | *See* Saei Decl. ¶ 12; Ex. 2 (attaching relevant and redacted excerpt of sample spreadsheet). |
| 192. | The record is devoid of an agreement authorizing Aetna to litigate against Young Defendants on behalf of Incyte or its plan. | *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1989) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). |

STATEMENT OF UNCONTROVERTED FACTS ISO YOUNG DEFENDANTS' MOT. FOR PARTIAL SUMMARY J.

| 193. | Several claims in this case were paid under a **Teamsters Western Region and New Jersey** self-funded plan. | *See* Saei Decl. ¶ 12; Ex. 2 (attaching relevant and redacted excerpt of sample spreadsheet). |
|------|------|------|
| 194. | The record is devoid of an agreement authorizing Aetna to litigate against Young Defendants on behalf of Teamsters Western and New Jersey or its plan. | *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1989) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). |
| 195. | Several claims in this case were paid under a **Sanmina Corporation** self-funded plan. | *See* Saei Decl. ¶ 12; Ex. 2 (attaching relevant and redacted excerpt of sample spreadsheet). |
| 196. | The Sanmina ASA Aetna provided is not signed by Sanmina. | Ex. 22, at 2 (AETNA0080610). |
| 197. | The Sanmina ASA Aetna provided explains "Aetna is empowered to act on behalf of [Sanmina] in connection with the Plan only to the extent expressly stated in the Services Agreement or as agreed to in writing by Aetna and [Sanmina]." | *Id.,* ¶ 9. |

STATEMENT OF UNCONTROVERTED FACTS ISO YOUNG DEFENDANTS' MOT. FOR PARTIAL SUMMARY J.

| 198. | The Sanmina ASA states "Aetna shall undertake good faith efforts" to recover erroneous payment, which means Aetna "will contact the responsible party twice via letter, phone, email or other means to try to make recovery[,]" and only "[i]f those efforts are unsuccessful" may Aetna use "an outside vendor, collection agency, or attorney to pursue recovery."  "Aetna has no other obligation with respect to the recovery of overpayments." | *Id.,* ¶ 12. |
|---|---|---|
| 199. | With respect to the Sanmina claims, the record is devoid of the required two attempts at contact by letter, phone, or email with the "responsible party," prior to resorting to other collection methods for recovery. | *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1989) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). |
| 200. | The Sanmina ASA further specifies that overpayment recovery attempts, to be contractually authorized, "must be determined by direct proof of specific claims" and "may not be determined by (a) indirect or inferential methods of proof, such as statistical sampling, extrapolation of error rate to the population, etc. . ." | Ex. 22, ¶ 12 (AETNA0080610). |
| 201. | The record is devoid of *direct proof of the specific* claims to Sanmina being fraudulent, and Aetna relies instead only on impermissible indirect and inferential methods of proof. | *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1989) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). |

40

STATEMENT OF UNCONTROVERTED FACTS ISO YOUNG DEFENDANTS' MOT. FOR PARTIAL SUMMARY J.

| 202. | The record is devoid of express authorization from Sanmina for Aetna to commence litigation against Young Defendants. | *See id.* |
|---|---|---|
| 203. | Several claims in this case were paid under a **Basis Educational Group, LLC** self-funded plan. | *See* Saei Decl. ¶ 12; Ex. 2 (attaching relevant and redacted excerpt of sample spreadsheet). |
| 204. | The record is devoid of an agreement authorizing Aetna to litigate against Young Defendants on behalf of Basis Educational Group or its plan. | *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1989) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). |
| 205. | Several claims in this case were paid under a **Jackson Township Board of Education** self-funded plan. | *See* Saei Decl. ¶ 12; Ex. 2 (attaching relevant and redacted excerpt of sample spreadsheet). |
| 206. | The record is devoid of an agreement authorizing Aetna to litigate against Young Defendants on behalf of Jackson Township or its plan. | *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1989) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). |
| 207. | Several claims in this case were paid under a **Trimble Navigation Limited** self-funded plan. | *See* Saei Decl. ¶ 12; Ex. 2 (attaching relevant and redacted excerpt of sample spreadsheet). |

41

| 208. | The Trimble Navigation ASA Aetna provided is not signed by Trimble Navigation. | Ex. 23, at 2 (AETNA0081399). |
|---|---|---|
| 209. | The Trimble Navigation ASA Aetna provided explains "Aetna is empowered to act on behalf of [Trimble Navigation] in connection with the Plan only to the extent expressly stated in the Services Agreement or as agreed to in writing by Aetna and [Trimble Navigation]." | *Id.,* ¶ 9. |
| 210. | The Trimble Navigation ASA states "Aetna shall undertake good faith efforts" to recover erroneous payment, which is defined as "contact[ing] the responsible party twice via letter, phone, email or other means to try to make recovery[,]" and only "[i]f those efforts are unsuccessful" may Aetna use "an outside vendor, collection agency, or attorney to pursue recovery." "Aetna has no other obligation with respect to the recovery of overpayments." | *Id.,* ¶12. |
| 211. | With respect to the Trimble Navigation claims, the record is devoid of the required two attempts at contact by letter, phone, or email with the "responsible party," prior to resorting to other collection methods for recovery. | *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1989) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). |

STATEMENT OF UNCONTROVERTED FACTS ISO YOUNG DEFENDANTS' MOT. FOR PARTIAL SUMMARY J.

| 212. | The Trimble Navigation ASA further specifies that overpayment recovery attempts, to be contractually authorized, "must be determined by direct proof of specific claims" and "may not be determined by (a) indirect or inferential methods of proof, such as statistical sampling, extrapolation of error rate to the population, etc. . ." | Ex. 23, ¶ 12 (AETNA0081399). |
|------|------|------|
| 213. | The record is devoid of *direct proof of the specific* claims to Trimble Navigation being fraudulent, and Aetna relies instead only on impermissible indirect and inferential methods of proof. | *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1989) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). |
| 214. | The record is devoid of express authorization from Trimble Navigation for Aetna to commence litigation against Young Defendants. | *See id.* |
| 215. | Several claims in this case were paid under an **Applied Materials, Inc.** self-funded plan. | *See* Saei Decl. ¶ 12; Ex. 2 (attaching relevant and redacted excerpt of sample spreadsheet). |
| 216. | The record is devoid of an agreement authorizing Aetna to litigate against Young Defendants on behalf of Applied Materials or its plan. | *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1989) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). |

43

STATEMENT OF UNCONTROVERTED FACTS ISO YOUNG DEFENDANTS' MOT. FOR PARTIAL SUMMARY J.

| 217. | Several claims in this case were paid under a **PBF Holding Company** self-funded plan. | *See* Saei Decl. ¶ 12; Ex. 2 (attaching relevant and redacted excerpt of sample spreadsheet). |
|---|---|---|
| 218. | The record is devoid of an agreement authorizing Aetna to litigate against Young Defendants on behalf of PBF Holding or its plan. | *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1989) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). |
| 219. | Several claims in this case were paid under a **Dick's Sporting Goods, Inc.** self-funded plan. | *See* Saei Decl. ¶ 12; Ex. 2 (attaching relevant and redacted excerpt of sample spreadsheet). |
| 220. | The record is devoid of an agreement authorizing Aetna to litigate against Young Defendants on behalf of Dick's Sporting Goods, Inc. or its plan. | *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1989) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). |
| 221. | Several claims in this case were paid under a **Employee Painter's Trust** self-funded plan. | *See* Saei Decl. ¶ 12; Ex. 2 (attaching relevant and redacted excerpt of sample spreadsheet). |

44

STATEMENT OF UNCONTROVERTED FACTS ISO YOUNG DEFENDANTS' MOT. FOR PARTIAL SUMMARY J.

| 222. | The record is devoid of an agreement authorizing Aetna to litigate against Young Defendants on behalf of Employee Painter's Trust or its plan. | *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1989) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). |
|------|-----|-----|
| 223. | Young Defendants propounded Requests for Production seeking all contracts and agreements between Aetna and Plan Sponsors related to the insurance plans under which Young Parties sought reimbursement. | Ex. 24, Young Parties' RFPs Set 2 to Aetna (RFP No. 46). |
| 224. | Young Defendants propounded Requests for Production seeking all communications and documents exchanged between Aetna and Plan Sponsors relating to any of the Young Parties. | *Id.* (RFP Nos. 47, 49, 52). |

STATEMENT OF UNCONTROVERTED FACTS ISO YOUNG DEFENDANTS' MOT. FOR PARTIAL SUMMARY J.

Dated:  February 9, 2026            **COHEN WILLIAMS LLP**


By:        */s/ Marc S. Williams*
          Marc S. Williams
          Reuven L. Cohen
          Kathleen M. Erskine
          Roya S. Ladan
          Joseph (Yusuf) Saei

          Attorneys for Defendants Nathan Young,
          David Young, Get Real Recovery Inc.,
          Healing Path Detox LLC, Ocean Valley
          Behavioral Health, LLC, Rodeo Recovery
          LLC, Sunset Rehab LLC, Natural Rest House,
          Inc., Helping Hands Rehabilitation Clinic
          Inc., Joser Forever LLC, 9 Silver LLC, and 55
          Silver LLC

STATEMENT OF UNCONTROVERTED FACTS ISO YOUNG DEFENDANTS' MOT. FOR PARTIAL SUMMARY J.