Marc S. Williams (Bar No. 198913)
Email: mwilliams@cohen-williams.com
Reuven L. Cohen (Bar. No 231915)
Email: rcohen@cohen-williams.com
Kathleen M. Erskine (Bar No. 223218)
Email: kerskine@cohen-williams.com
Roya S. Ladan (Bar No. 287161)
Email: rladan@cohen-williams.com
Joseph (Yusuf) Saei (Bar No. 321341)
Email: ysaei@cohen-williams.com
COHEN WILLIAMS LLP
724 South Spring Street, 9th Floor
Los Angeles, CA 90014
Telephone: (213) 232-5160
Facsimile: (213) 232-5167

Attorneys for Defendants Nathan Young, David Young, Get Real Recovery Inc., Healing Path Detox LLC, Ocean Valley Behavioral Health, LLC, Rodeo Recovery LLC, Sunset Rehab LLC, Natural Rest House, Inc., Helping Hands Rehabilitation Clinic Inc., Joser Forever LLC, 9 Silver LLC, and 55 Silver LLC

COHEN WILLIAMS LLP

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| AETNA LIFE INSURANCE COMPANY, AETNA HEALTH OF CALIFORNIA, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>NATHAN SAMUEL YOUNG a/k/a PABLO LOPEZ; et al.,<br><br>Defendants. | Case No. 2:23-cv-09654-MCS (SKx)<br><br>**[PROPOSED] ORDER GRANTING YOUNG DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>*Filed concurrently with Notice of Motion; Memorandum of Points and Authorities; Declaration of Joseph E. Saei; and Statement of Uncontroverted Facts*<br><br>Judge: Hon. Mark C. Scarsi<br>Date: March 16, 2026<br>Time: 9:00 a.m.<br>Place: Courtroom 7C<br><br>Trial Date: May 5, 2026 |

Defendants Nathan Young, David Young, Get Real Recovery Inc., Healing Path Detox LLC, Ocean Valley Behavioral Health, LLC, Rodeo Recovery LLC, Sunset Rehab LLC, Natural Rest House, Inc., Helping Hands Rehabilitation Clinic Inc., Joser Forever LLC, 9 Silver LLC, and 55 Silver LLC (collectively, "Young Defendants") have moved this Court for partial summary judgment under Rule 56(a) and (g) of the Federal Rules of Civil Procedure with respect to the First Amended Complaint ("FAC") (ECF 39) filed by Plaintiffs Aetna Life Insurance Company and Aetna Health of California, Inc. (collectively, "Aetna"). Young Defendants' Motion for Partial Summary Judgment came before this Court for hearing on March 16, 2026, at 9:00 a.m.

After full consideration of the matter, this Court finds as follows:

1. Young Defendants moved for partial summary judgment as to the First and Third Claims for Relief for Fraud (first) and Negligent Misrepresentation (third), to the extent these claims are based on the allegation that each of the Young Defendants, in submitting insurance claims to Aetna, misrepresented that (i) they provided the services billed in compliance with applicable laws, regulations, and procedures, (ii) the services billed were medically necessary and reimbursable, and (iii) the information on the claim forms was true, accurate, and that material facts were not concealed. Partial summary judgment is warranted because there is no genuine dispute that Aetna cannot provide sufficient admissible evidence that Young Defendants actually made those representations, and, even if Young Defendants had made those representations, the representations are inactionable.

2. Young Defendants moved for partial summary judgment as to the Fifth and Sixth Claims for Relief for RICO, 18 U.S.C. § 1962(c) (fifth) and Conspiracy to Violate RICO, 18 U.S.C. § 1962(d) (sixth), to the extent that the Mail and Wire Fraud RICO predicates for these claims are based on the allegation that each of the Young Defendants, in submitting insurance claims to Aetna, misrepresented that (i) they provided the services billed in compliance with applicable laws, regulations, and procedures, (ii) the services billed were medically necessary and reimbursable, and (iii) the information on the claim



COHEN WILLIAMS LLP

forms was true, accurate, and that material facts were not concealed. Partial summary judgment is warranted because there is no genuine dispute that Aetna cannot provide sufficient admissible evidence that Young Defendants actually made those representations, and, even if Young Defendants made those representations, the representations are inactionable and Aetna cannot provide sufficient admissible evidence establishing reliance and proximate causation.

3. Young Defendants moved for partial summary judgment as to the Eighth, Ninth, Tenth, and Eleventh Claims for Relief for Money Had and Received (eighth), Unjust Enrichment/Quantum Meruit/Restitution (ninth), Restitution, 29 U.S.C. § 1132(a)(3) (tenth), and Injunctive Relief, 29 U.S.C. § 1132(a)(3) (eleventh), to the extent these claims are based on the allegation that each of the Young Defendants, in submitting insurance claims to Aetna, misrepresented that (i) they provided the services billed in compliance with applicable laws, regulations, and procedures, (ii) the services billed were medically necessary and reimbursable, and (iii) the information on the claim forms was true, accurate, and that material facts were not concealed. Partial summary judgment is warranted because there is no genuine dispute that Aetna cannot provide sufficient admissible evidence that Young Defendants actually made those representations, and, even if Young Defendants made those representations, the representations are inactionable.

4. Young Defendants moved for partial summary judgment as to all claims for relief asserted against the Young Defendants in the FAC (*i.e.*, the First and Third through Eleventh Claims for Relief), to the extent these claims seek relief on behalf of an employer-sponsored health plan, where Aetna is merely acting as an "administrator" of the employer plan. Partial summary judgment is warranted because Aetna lacks standing to pursue such claims for relief, as Aetna admits it needs authorization from plan sponsors to institute such claims and there is no genuine dispute that Aetna cannot provide sufficient admissible evidence of such authorization.

IT IS HEREBY ORDERED that Young Defendants' Motion for Partial Summary Judgment is GRANTED.

**IT IS SO ORDERED.**

Dated: ____________________________

____________________________
Honorable Mark C. Scarsi
United States District Judge

COHEN WILLIAMS LLP